**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WALTER EDWARD LEMM, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>NEW YORK COMMUNITY BANCORP, INC., THOMAS R. CANGEMI, and JOHN J. PINTO,<br><br>    Defendants. | No. 24-cv-00903-NRM-JRC<br><br>Judge Nina R. Morrison<br><br><u>CLASS ACTION</u><br><br><u>ORAL ARGUMENT REQUESTED</u> |
| DALE MISKEY, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>NEW YORK COMMUNITY BANCORP, INC., THOMAS ROBERT CANGEMI and JOHN J. PINTO,<br><br>    Defendants. | No. 24-cv-01118-NRM-JRC<br><br>Judge Nina R. Morrison<br><br><u>CLASS ACTION</u><br><br><u>ORAL ARGUMENT REQUESTED</u> |

**<u>MEMORANDUM OF LAW IN SUPPORT OF BOSTON RETIREMENT SYSTEM'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

                                                                                      **Page**

PRELIMINARY STATEMENT ............................................................................................... 1

SUMMARY OF THE RELATED ACTIONS ......................................................................... 3

ARGUMENT ............................................................................................................................... 4

       I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ............................ 4

      II.     BOSTON SHOULD BE APPOINTED AS LEAD PLAINTIFF .......................... 4

              A.      The PSLRA Standard for Lead Plaintiff Appointment ............................... 5

              B.      Boston's Motion Is Timely ........................................................................... 6

              C.      Boston Has a Substantial Financial Interest ................................................ 6

              D.      Boston Satisfies the Requirements of Rule 23 ............................................ 7

              E.      Boston Is Precisely the Type of Lead Plaintiff Congress
                     Envisioned When It Passed the PSLRA ...................................................... 9

      III.    BOSTON'S CHOICE OF COUNSEL SHOULD BE APPROVED .................... 10

CONCLUSION ......................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Bear Stearns Co., Inc. Sec., Derivative, & ERISA Litig.*,
  No. 08 M.D.L.1963(RWS), 2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) ......................................1

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)...................................................................................................10

*In re Deutsche Bank AG Sec. Litig.*,
  328 F.R.D. 71 (S.D.N.Y. 2018) ................................................................................................7

*Faig v. Bioscrip, Inc.*,
  No. 13 CIV. 06922 AJN, 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013) .................................7

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011) .............................................................................................5

*Hom v. Vale, S.A.*,
  No. 1:15-cv-9539-GHW, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016)......................................8

*In re KIT Digital, Inc. Sec. Litig.*,
  293 F.R.D. 441 (S.D.N.Y. 2013) .............................................................................................9

*Lipetz v. Wachovia Corp.*,
  No. 08 Civ. 6171 (RJS), 2008 WL 4615895 (S.D.N.Y. Oct. 10, 2008) ...................................8

*Olsen v. N.Y. Cmty. Bancorp, Inc.*,
  233 F.R.D. 101 (E.D.N.Y. 2005) .............................................................................................4

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomm. Corp.*,
  No. CV 09-3007 SJ AKT, 2010 WL 3924862 (E.D.N.Y. Aug. 17, 2010) ...............................8

*Reitan v. China Mobile Games & Entm't Grp., Ltd.*,
  68 F. Supp. 3d 390 (S.D.N.Y. 2014).........................................................................................9

*Rosi v. Alcaris Therapeutics, Inc.*,
  No. 19-CV-7118 (LTS)(JLC), 2019 WL 5778445 (S.D.N.Y. Nov. 6, 2019)...........................4

*Salinger v. Sarepta Therapeutics*,
  No. 19-CV-8122 (VSB), 2019 WL 6873807 (S.D.N.Y. Dec. 17, 2019)..................................7

*In re: Synergy Pharms. Inc. Sec. Litig.*,
  No. 18 Civ. 873 (AMD) (VMS), 2019 WL 6150713 (E.D.N.Y. Nov. 20, 2019)...................10

**Rules & Statutes**

Fed. R. Civ. P. 23 ................................................................................................................... *passim*

Fed. R. Civ. P. 42(a) ......................................................................................................................1, 4

15 U.S.C. § 78u-4 *et seq.* ......................................................................................................... *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
   No. 04-cv-8141 (S.D.N.Y.) ....................................................................................................11

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
   No. 08-md-1963 (S.D.N.Y.) ...................................................................................................11

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
   No. 09-md-2027 (S.D.N.Y.) ...................................................................................................11

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ..................................9

Proposed Lead Plaintiff Boston Retirement System ("Boston") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of its Motion for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions") pursuant to Rule 42 of the Federal Rules of Civil Procedure; (2) appointing Boston as Lead Plaintiff; (3) approving Boston's selection of Labaton Keller Sucharow LLP ("Labaton") as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

The above-captioned Related Actions allege that New York Community Bancorp, Inc. ("NYCB" or the "Company"), and certain of its executive officers and/or directors (together, "Defendants"), violated Sections 10(b) and 20(a) of the Exchange Act, and SEC Rule 10b-5 promulgated thereunder. The Related Actions have been brought on behalf of all persons or entities that purchased or otherwise acquired NYCB securities between March 1, 2023 and February 5, 2024, both dates inclusive (the "Class Period"), and were damaged thereby (the "Class").[1]

In securities class actions, the PSLRA requires district courts to resolve consolidation prior to appointing lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, the Related Actions should be consolidated because they involve identical questions of law and fact. *See* Fed. R. Civ. P. 42(a); *infra* Section I. After consolidation, the PSLRA directs courts to appoint the "most adequate

---

[1] The Class Period as defined herein is the longest possible class period of the above-captioned Related Actions. *See, e.g., In re Bear Stearns Co., Inc. Sec., Derivative, & ERISA Litig.*, No. 08 M.D.L.1963(RWS), 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009) (noting that when initial complaints allege multiple class periods, "the lead plaintiff analysis should utilize the most inclusive class period because 'it encompasses more potential class members'") (citation omitted).

1

plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made *a prima facie* showing that it is a typical and adequate class representative under Federal Rule of Civil Procedure 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Boston respectfully submits that it should be appointed Lead Plaintiff because it has the "largest financial interest" in this litigation and has made the requisite showing of typicality and adequacy required by the standards of the PSLRA.  As discussed herein, Boston incurred **$889,177** in losses as a result of its transactions in NYCB securities during the Class Period as calculated on a last-in-last-out ("LIFO") basis.[2]  In light of this significant loss, Boston has a substantial financial interest in the relief sought by this litigation—an interest believed to be greater than that of any other qualified movant.  Boston also meets the typicality and adequacy requirements of Rule 23 because its claims are typical of those of absent Class members, and because it will fairly and adequately represent the interests of the Class.  Boston has further demonstrated its adequacy through its selection of Labaton as proposed Lead Counsel for the Class.  Labaton is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors and has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Boston is the "most adequate plaintiff," and respectfully requests that the Court appoint it Lead Plaintiff and otherwise grant its motion.

---

[2] A copy of the Certification of Boston ("Certification") is attached as Exhibit A to the Declaration of Francis P. McConville ("McConville Decl.").  The Certification sets forth all of Boston's relevant transactions in NYCB securities during the Class Period.  In addition, a table reflecting the calculation of financial losses sustained by Boston on its relevant Class Period transactions in NYCB securities ("Loss Analysis") is attached as Exhibit B to the McConville Decl.

2

## SUMMARY OF THE RELATED ACTIONS

The Related Actions are federal class actions on behalf of a class of all persons and entities who purchased or otherwise acquired NYCB securities between March 1, 2023 and February 5, 2024, seeking to pursue remedies under Sections 10(b) and 20(a) of the Exchange Act. NYCB is one of the largest regional banks in the nation. Its common stock trades on the New York Stock Exchange under the ticker symbol "NYCB."

The Related Actions allege that, during the Class Period, Defendants misled investors about NYCB's business, financial condition, and two acquisitions of regional banks it made in 2022 and 2023. NYCB claimed to have strong asset quality and did not disclose the negative impact the acquisitions would have on its business.

The truth about NYCB's financial health began to be revealed over the course of three disclosures. First, on January 31, 2024, NYCB reported a $252 million fourth-quarter 2023 loss due to "a $552 million provision for loan losses" attributable to higher net charge-offs from two troubled loans. The Company also announced that it would slash its quarterly dividend. On this news, shares of NYCB fell $3.97, or more than 37 percent, to close at $6.47 per share on January 31, 2024.

Further, on January 31, 2024, Moody's Investors Service announced that it had placed all of NYCB's ratings on review for possible downgrade to junk status, citing the Company's surprise quarterly loss and slashing of its dividend. In response to the announcements, the price of NYCB common stock closed down another $0.72 per share, more than 11 percent, to close at $5.75 on February 1, 2024.

Then, on February 5, 2024, *Bloomberg* reported that pressure from regulators led to NYCB's dividend cut. In response to the announcements on February 5, 2024, the price of NYCB

3

common stock closed down another $1.20 per share, or more than 22 percent, to close at $4.20 per share on February 6, 2024.

As a result of Defendants' wrongful acts and omissions, and the significant decline in the market value of the Company's securities, Boston and the Class have suffered significant damages.

## **ARGUMENT**

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The Court may consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Here, the Related Actions assert substantially similar claims on behalf of nearly the same putative class against the same defendants. Accordingly, the Court should consolidate the Related Actions. 15 U.S.C. § 78u-4 (a)(3)(B)(ii); *Olsen v. N.Y. Cmty. Bancorp, Inc.*, 233 F.R.D. 101, 105 (E.D.N.Y. 2005) (consolidating cases despite slightly different class periods and noting that the differences could be resolved with the filing of a consolidated complaint).

### II. BOSTON SHOULD BE APPOINTED AS LEAD PLAINTIFF

Boston respectfully submits that it is the presumptively "most adequate plaintiff" because it has complied with the PSLRA procedural requirements, holds the largest financial interest of any qualified movant, and otherwise satisfies Rule 23's typicality and adequacy requirements. *See Rosi v. Alcaris Therapeutics, Inc.*, No. 19-CV-7118 (LTS)(JLC), 2019 WL 5778445, at *2-4 (S.D.N.Y. Nov. 6, 2019) (appointing movant with largest financial interest who also made *prima facie* showing of typicality and adequacy).

4

A. **The PSLRA Standard for Lead Plaintiff Appointment**

The PSLRA provides a straightforward, sequential procedure for selecting lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, under the PSLRA, a court is to consider any motion made by class members and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff. In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-

5

4(a)(3)(B)(iii)(II). Under the framework established by the PSLRA, Boston is the most adequate plaintiff and should be appointed Lead Plaintiff.

**B.     Boston's Motion Is Timely**

Boston filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the first-filed of the Related Actions caused notice to be published on *Business Wire*, a widely-circulated, national, business-oriented news wire service, on February 6, 2024. *See* Notice of the First-Filed Action, McConville Decl., Ex. C. Similarly, plaintiff in the second-filed of the Related Actions published a notice reiterating the April 8, 2024 deadline. *See* Notice of the Second-Filed Action, McConville Decl., Ex. D. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff on or before April 8, 2024. Boston filed this motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

**C.     Boston Has a Substantial Financial Interest**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Boston believes that it has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff." Boston incurred a substantial loss of ***$889,177*** on its transactions in NYCB securities on a LIFO basis during the Class Period. *See* McConville Decl., Ex. B. To the best of Boston's knowledge, there is no other qualified applicant seeking Lead Plaintiff appointment asserting a larger financial interest in the litigation. Accordingly, Boston has the largest financial interest of any qualified

6

movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### D. Boston Satisfies the Requirements of Rule 23

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, a moving plaintiff need only "'make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.'" *Salinger v. Sarepta Therapeutics*, No. 19-CV-8122 (VSB), 2019 WL 6873807, at *3 (S.D.N.Y. Dec. 17, 2019) (citation omitted). This determination "'need not be as complete as would a similar determination for the purpose of class certification.'" *Id.* (citation omitted).

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See In re Deutsche Bank AG Sec. Litig.*, 328 F.R.D. 71, 80 (S.D.N.Y. 2018). The lead plaintiff's claims "'need not be identical' to the claims of the class to satisfy this requirement." *Faig v. Bioscrip, Inc.*, No. 13 CIV. 06922 AJN, 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013) (citation omitted).

7

Boston's claims are typical of the claims asserted by the proposed Class. Like all other Class members, Boston: (1) purchased NYCB securities during the Class Period; (2) in reliance on Defendants' false and misleading statements; and (3) suffered harm when defendants' alleged misconduct was revealed. Because the claims that Boston asserts are based on the same legal theories and arise from the same event or practice or course of conduct that gives rise to the claims of other class members, typicality is satisfied. *See Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomm. Corp.*, No. CV 09-3007 SJ AKT, 2010 WL 3924862, at *5 (E.D.N.Y. Aug. 17, 2010), *report and recommendation adopted*, No. CV-09-3007 SJF AKT, 2010 WL 3909331 (E.D.N.Y. Sept. 29, 2010). Accordingly, because Boston's interests and claims are "typical" of the interests and claims of the Class, Boston satisfies the Rule 23 typicality requirement.

In order to satisfy the Rule 23 adequacy requirement, the movant must show that: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 WL 880201, at *6 (S.D.N.Y. Mar. 7, 2016) (citation omitted). Boston has demonstrated its adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute the Related Actions. *See infra*, Section III. Further, Boston's financial interest ensures that it will provide vigorous advocacy in representing the Class. *See* McConville Decl., Ex. B; *Lipetz v. Wachovia Corp.*, No. 08 Civ. 6171 (RJS), 2008 WL 4615895, at *3 (S.D.N.Y. Oct. 10, 2008) (noting investor's "substantial financial stake in the litigation" suggests that it would "vigorously" prosecute claims on behalf of the class).

Finally, Boston is not aware that any conflict exists between its claims and those asserted on behalf of the Class.  As such, Boston has satisfied the adequacy requirement.

Accordingly, as the movant with the largest financial interest who also satisfies the typicality and adequacy requirements of Rule 23, Boston is the "most adequate plaintiff."  As no competing movant will be able to submit the requisite proof that Boston is atypical, inadequate, or subject to unique defenses, it is entitled to appointment as Lead Plaintiff.

### E. Boston Is Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA

In addition to satisfying the requirements of Rule 23, Boston is precisely the type of investor Congress envisioned, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").  Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation.  *See id.* at 34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34.

To this end, many courts, including courts in this Circuit, have recognized that the legislative history reflects a clear preference for institutional investors to be appointed as lead plaintiff in securities class actions.  *See, e.g., Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 396 (S.D.N.Y. 2014) (collecting cases and recognizing that "many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs") (citation omitted); *In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 446 (S.D.N.Y. 2013) (noting

9

the "statutory preference for institutional lead plaintiffs"); *In re: Synergy Pharms. Inc. Sec. Litig.*, No. 18 Civ. 873 (AMD) (VMS), 2019 WL 6150713, at *2 (E.D.N.Y. Nov. 20, 2019) ("The PSLRA's goals were to be achieved by encouraging institutional investors to serve as lead plaintiffs in a single consolidated proceeding.") (citation omitted).

Boston—a sophisticated institutional investor responsible for managing approximately $8.7 billion in assets for active, inactive, and retired participants and beneficiaries—is exactly the type of Lead Plaintiff that Congress encouraged, through the enactment of the PSLRA, to lead securities class actions. Based on its experience serving as a lead plaintiff in other securities class actions, Boston is well aware of the Lead Plaintiff's obligations under the PSLRA to oversee and supervise the litigation separate and apart from counsel. For example, Boston recovered $47 million for investors as Lead Plaintiff in *In re Nu Skin Enterprises, Inc. Securities Litigation*, with Labaton serving as Lead Counsel. No. 14-cv-00033 (D. Utah).

Accordingly, Boston has the sophistication and resources necessary to effectively litigate this matter and supervise Class counsel.

### III. BOSTON'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiffs to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Boston has selected Labaton to pursue this litigation on its behalf and has retained the firm as proposed Lead Counsel. Labaton has excelled as lead counsel in numerous landmark securities class actions on behalf of defrauded investors. For example, Labaton served as lead

counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which it served as co-lead counsel.  Labaton also served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-md-2027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members.  Labaton presently serves as lead counsel in several significant investor class actions.  *See* Labaton Firm Resume, McConville Decl., Ex. E.

Accordingly, the Court may be assured that, by granting Boston's motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, Boston respectfully requests the Court grant its Motion and enter an Order: (1) consolidating the Related Actions; (2) appointing Boston as Lead Plaintiff; (3) approving Boston's selection of Labaton as Lead Counsel for the Class; and (4) granting such other relief as the Court may deem just and proper.

DATED:  April 8, 2024                                  Respectfully submitted,

/s/ *Francis P. McConville*
**LABATON KELLER SUCHAROW LLP**
Eric J. Belfi
Francis P. McConville
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Proposed Lead Plaintiff Boston Retirement System and Proposed Lead Counsel for the Class*

11