UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER EDWARD LEMM, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>NEW YORK COMMUNITY BANCORP, INC., THOMAS R. CANGEMI, and JOHN J. PINTO,<br><br>                Defendants. | No. 24-cv-00903-NRM-JRC<br><br>Judge Nina R. Morrison<br><br>CLASS ACTION<br><br>ORAL ARGUMENT REQUESTED |
| DALE MISKEY, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>NEW YORK COMMUNITY BANCORP, INC., THOMAS ROBERT CANGEMI and JOHN J. PINTO,<br><br>                Defendants. | No. 24-cv-01118-NRM-JRC<br><br>Judge Nina R. Morrison<br><br>CLASS ACTION<br><br>ORAL ARGUMENT REQUESTED |

**[PROPOSED] ORDER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

Having considered the motion of Boston Retirement System ("Boston") for consolidation, appointment as Lead Plaintiff, and approval of selection of Lead Counsel (the "Motion"),

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. Pursuant to Federal Rule of Civil Procedure 42, the above-captioned related actions are hereby consolidated for all purposes into one action.

3. These actions shall be referred to herein as the "Action." This order (the "Order") shall apply to the Action and to each case that is subsequently filed in this Court that relates to the same subject matter as in the Action.

4. A Master File is established for this proceeding. The Master File shall be Civil Action No. 1:24-cv-00903-NRM-JRC. The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket. Every pleading in the Action shall have the following caption:

| | |
|---|---|
| IN RE NEW YORK COMMUNITY BANCORP, INC. SECURITIES LITIGATION | Civil Action No. 1:24-cv-00903-NRM-JRC |

5. Each new case that arises out of the subject matter of the Action shall be consolidated with the Action. This Order shall apply thereto, unless a party objects to consolidation (as provided for herein), or to any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party by filing an application for relief, and this Court deems it appropriate to grant such application. Nothing in the foregoing

shall be construed as a waiver of Defendants' right to object to the consolidation of any subsequently-filed or transferred related action.

6. Boston is appointed to serve as Lead Plaintiff in the Action pursuant to 15 U.S.C. § 78u–4(a)(3)(B).

7. Boston's selection of Labaton Keller Sucharow LLP as Lead Counsel for the Class is approved pursuant to 15 U.S.C. § 78u–4(a)(3)(B)(v). Lead Counsel shall have the authority to speak for all Plaintiffs and Class members in all matters regarding the litigation, including, but not limited to, pre-trial proceedings, motion practice, trial, and settlement. Lead Counsel shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation, and to avoid duplicative or unproductive effort. Additionally, Lead Counsel shall have the following responsibilities:

    a. to brief and argue motions;

    b. to initiate and conduct discovery, including, but not limited to, coordination of discovery with Defendants' counsel, and the preparation of written interrogatories, requests for admissions, and requests for production of documents;

    c. to direct and coordinate the examination of witnesses in depositions;

    d. to act as spokesperson at pretrial conferences;

    e. to call and chair meetings of Plaintiffs' counsel as appropriate or necessary from time to time;

    f. to initiate and conduct any settlement negotiations with Defendants' counsel;

    g. to provide general coordination of the activities of Plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required, in such a manner as to lead

to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

  h. to consult with and employ experts;

  i. to receive and review periodic time reports of all attorneys on behalf of Plaintiffs, to determine if the time is being spent appropriately and for the benefit of Plaintiffs, and to determine and distribute Plaintiffs' attorneys' fees; and

  j. to perform such other duties as may be expressly authorized by further order of this Court.

**IT IS SO ORDERED**

DATED: _____      _____

                     The Honorable Nina R. Morrison
                     United States District Judge