UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER EDWARD LEMM, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>NEW YORK COMMUNITY BANCORP, INC., THOMAS R. CANGEMI, and JOHN J. PINTO,<br><br>                    Defendants. | Case No. 1:24-cv-00903-NRM-JRC |
| DALE MISKEY, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>NEW YORK COMMUNITY BANCORP, INC., THOMAS ROBERT CANGEMI and JOHN J. PINTO,<br><br>                    Defendants. | Case No. 2:24-cv-01118-NRM-JRC |

**MEMORANDUM OF LAW IN SUPPORT OF CLIFFORD DAVIS'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**

Clifford Davis ("Davis") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Davis as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Davis's selection of Glancy Prongay & Murray LLP ("GPM") and Holzer & Holzer, LLC ("Holzer") as co-lead counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.  PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities who purchased or otherwise acquired New York Community Bancorp, Inc. ("NYCB") securities between March 1, 2023 and February 5, 2024, both dates inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Davis is the "most adequate plaintiff" as defined by the PSLRA.

Davis believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Davis satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Davis respectfully

1

submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Davis's selection of GPM and Holzer as co-lead counsel for the class should be approved because the firms has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.   FACTUAL BACKGROUND[1]

NYCB is a large commercial-real estate lender in the New York City market area, where it specializes in rent-regulated, non-luxury apartment buildings. NYCB is engaged in several national businesses, including multi-family lending, mortgage originations and servicing, and warehouse lending. The Company's specialty finance loans and leases are generally made to large corporate obligors that participate in stable industries nationwide, and its warehouse loans are made to mortgage lenders across the country.

The complaints in the above-captioned actions allege that throughout the Class Period, Defendants made materially false and/or misleading statements regarding the Company's business, operations, and compliance policies. Specifically, Defendants failed to disclose to investors: (1) that the Company was experiencing higher net charge-offs and deterioration in its office portfolio; (2) that, as a result, NYCB was reasonably likely to incur higher loan losses; (3) that, as a result of the foregoing and NYCB's status as Category IV bank, the Company was reasonably likely to increase its allowance for credit losses; (4) that the Company's financial results would be adversely affected; (5) that, to preserve capital, the Company would reduce quarterly common dividend to $0.05 per common share; and (6) that, as a result of the foregoing,

---

[1] This section is adapted from the complaints in the above-captioned actions.

Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On March 20, 2023, the Company's entered into a Purchase and Assumption Agreement to acquire certain assets and assume certain liabilities of Signature Bridge Bank, N.A. ("Signature").

On January 31, 2024, before the market opened, NYCB announced its fiscal fourth quarter 2023 financial results. The Company reported a fourth quarter net loss of $252 million due to "a $552 million provision for loan losses," which was "primarily attributable to higher net charge-offs" and "a significant increase in the ACL [allowance for credit losses]" coverage ratio. Additionally, the Company disclosed that it would cut its quarterly dividend to $0.05 per common share. The Company further explained that these actions were "necessary enhancements" after NYCB "crossed th[e] important threshold [of becoming a $100 billion bank] sooner than anticipated as a result of the Signature transaction." Crossing this $100 billion threshold subjected NYCB to enhanced banking standards and requirements.

On this news, NYCB's stock price fell $3.90, or 37.57%, to close at $6.47 per share on January 31, 2024, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, class members have suffered significant losses and damages.

## III.   PROCEDURAL BACKGROUND

On February 6, 2024, Plaintiff Walter Edward Lemm, Jr. commenced a securities fraud class action against NYCB and certain of its officers, captioned *Lemm v. New York Community Bancorp, Inc.*, No. 1:24-cv-00903-NRM-JRC (the "*Lemm* Action"). It is brought on behalf of all persons and entities that purchased or otherwise acquired NYCB securities between March 1, 2023 and January 30, 2024, inclusive.

On February 13, 2024, Plaintiff Dale Miskey commenced a similar action, captioned *Miskey v. New York Community Bancorp, Inc.*, No. 1:22-cv-04154 (the "*Miskey* Action," and together with the *Lemm* Action, the "Related Actions"). The *Miskey* Action proposes an expanded class period, alleging claims on behalf of persons and entities that purchased or otherwise acquired NYCB securities between March 1, 2023 and February 5, 2024, inclusive.

## IV. ARGUMENT

### A. The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Both of the Related Actions presents similar factual and legal issues, as they both involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

### B. Davis Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court

4

decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Davis satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Davis has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Davis is not aware of any unique defenses the defendants could raise against him that would render him inadequate to represent the class. Accordingly, Davis respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Davis Filed a Timely Motion

Davis has made a timely motion in response to a PSLRA early notice. On February 6, 2024, pursuant to the PSLRA, notice was published in connection with the first-filed action against

Defendants herein. *See* Declaration of Gregory B. Linkh ("Linkh Decl."), Ex. A. Therefore, Davis had sixty days (*i.e.*, until April 8, 2024) to file a motion to be appointed as lead plaintiff. As a purchaser of NYCB securities during the Class Period, Davis is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Davis attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Davis satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Davis Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Davis believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Davis purchased NYCB securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $62,859.52. *See* Linkh Decl., Ex. C. To the best of his knowledge, Davis is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Davis believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Davis Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

#### a) Davis's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Davis's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Davis alleges that the Defendants' material misstatements and

7

omissions concerning NYCB's business, operations, and financial prospects violated the federal securities laws. Davis, like all members of the class, purchased NYCB securities in reliance on the Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Davis's interests and claims are "typical" of the interests and claims of the class.

### b) Davis Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Davis has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Davis is retired and resides in La Quinta, California. Moreover, Davis is not aware of any conflict between his claims and those asserted on behalf of the class.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Here, Davis has retained GPM and Holzer as co-lead counsel to pursue this litigation on his behalf and will retain the firms as the class's lead counsel in the event he is appointed lead plaintiff. GPM and Holzer possess extensive experience in securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firms' résumé attached to the Linkh Declaration as Exhibits D and E. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## V. CONCLUSION

For the foregoing reasons, Clifford Davis respectfully requests that the Court grant his Motion and enter an Order (1) consolidating the Related Actions; (2) appointing Davis as Lead Plaintiff; (3) approving his selection of Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as co-lead counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: April 8, 2024	**GLANCY PRONGAY & MURRAY LLP**

By:  /s/ *Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**HOLZER & HOLZER, LLC**
Corey D. Holzer
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

*Counsel for Clifford Davis and Proposed Co-Lead Counsel for the Class*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On April 8, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 8, 2024, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh