UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------x

| | | |
|---|---|---|
| WALTER EDWARD LEMM, JR., Individually and on Behalf of All Others Similarly Situated, | : : : : : | |
| Plaintiff, v. | : : : | No. 1:24-cv-00903-NRM-JRC |
| NEW YORK COMMUNITY BANCORP, INC., THOMAS R. CANGEMI, and JOHN J. PINTO, | : : : : : | Hon. Nina R. Morrison |
| Defendants. | : | |

---------------------------------x

| | | |
|---|---|---|
| DALE MISKEY, Individually and on Behalf of All Others Similarly Situated, | : : : : | |
| Plaintiff, v. | : : : | No. 2:24-cv-01118-NRM-JRC |
| NEW YORK COMMUNITY BANCORP, INC., THOMAS ROBERT CANGEMI, and JOHN J. PINTO, | : : : : : | Hon. Nina R. Morrison |
| Defendants. | : | |

---------------------------------x

**DEFENDANTS' RESPONSE TO MOTIONS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Defendants New York Community Bancorp., Inc., Thomas R. Cangemi and John J. Pinto, (collectively, "Defendants") respectfully submit the following response to the competing motions, filed on April 8, 2024, to consolidate the above-captioned actions and appoint lead plaintiff and lead counsel.[1]

---

[1] Specifically, Defendants respond to the motions filed by Boston Retirement System, (ECF No. 13), and Sand Hollow Management, LLC, (ECF No. 20). Lin's Living Trust (ECF No. 10), Clifford Davis, (ECF No. 14), Kenneth Dobson, (ECF No. 22), and Raymond Yeung, (ECF No. 24), filed but then withdrew, (ECF Nos. 28–31), their motions. All ECF references herein pertain to filings in *Lemm v. New York Community Bancorp., Inc.*, No. 1:24-cv-00903-NRM-JRC.

Defendants support consolidation of these two related securities actions captioned above and take no position on the appointment of lead plaintiff and approval of lead counsel.[2] However, Defendants respectfully submit that any decision as to the appointment of lead plaintiff is without prejudice to any determination made in connection with class certification in the event any consolidated complaint survives anticipated motions to dismiss. The preliminary determination of Rule 23 factors for purposes of appointing a lead plaintiff is not the same and should not predetermine how the Court might resolve such factors should this case reach the class certification stage. "In determining whether the presumptively most adequate plaintiff satisfies Rule 23 for the purposes of the PSLRA . . . the presumptive lead plaintiff need only make a preliminary showing that its claims satisfy the typicality and adequacy requirements of Rule 23." *Cushman v. Fortress Biotech, Inc.*, No. 20-CV-5767 (KAM), 2021 WL 7449182, at *5 (E.D.N.Y. Mar. 24, 2021), *aff'd*, No. 20-CV-5767 (KAM) (RLM), 2021 WL 1526172 (E.D.N.Y. Apr. 19, 2021). "At this initial stage of the litigation, 'a wide ranging analysis under Rule 23 is not appropriate . . . and should be left for consideration of a motion for class certification.'" *Salim v. Mobile TeleSystems PJSC*, No. 19CV1589AMDRLM, 2019 WL 11095253, at *4 (E.D.N.Y. Sept. 11, 2019) (citation omitted); *see also Ford v. Voxx Int'l Corp.*, No. 14-cv-4183 (JS) (AYS), 2015 WL 4393798, at *3 (E.D.N.Y. July 16, 2015) ("The PSLRA Rule 23 inquiry is less stringent inquiry in the context of appointment of a lead plaintiff than that applied in the Rule 23 class action certification process.").

Both movants concede that in determining the lead plaintiff motions, unlike in a full Rule 23 class certification determination, the Court requires only a preliminary showing that

---

[2] Defendants do not waive, and expressly preserve, all defenses.

the typicality and adequacy requirements of Rule 23(a) requirements are met. *See* ECF No. 13-1 at 7; ECF No. 21 at 11.

## **CONCLUSION**

While Defendants take no position on the motions for lead plaintiff, Defendants respectfully submit that any decision as to the appointment of lead plaintiff is without prejudice to any determination made in connection with class certification if any consolidated complaint survives anticipated motions to dismiss.

Dated:   New York, New York
         April 22, 2024

/s/ *Susan L. Saltzstein*
Jay B. Kasner
Susan L. Saltzstein
Shaud G. Tavakoli
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Email:  jay.kasner@skadden.com
        susan.saltzstein@skadden.com
        shaud.tavakoli@skadden.com

*Attorneys for Defendants New York Community Bancorp., Inc., Thomas R. Cangemi, and John J. Pinto*