**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WALTER EDWARD LEMM, JR., Individually and on Behalf of All Others Similarly Situated, <br><br>    Plaintiff, <br><br>    v. <br><br> NEW YORK COMMINUTY BANCORP, INC., THOMAS R. CANGEMI and JOHN J. PINTO, <br><br>    Defendants. | Case No. 1:24-cv-00903-NRM-JRC <br><br> Served on April 22, 2024 |
| DALE MISKEY, Individually and on behalf of all others similarly situated, <br><br>    Plaintiff, <br><br>    v. <br><br> NEW YORK COMMINUTY BANCORP, INC., THOMAS ROBERT CANGEMI and JOHN J. PINTO, <br><br>    Defendants. | Case No. 1:24-cv-01118-NRM-JRC <br><br> Served on April 22, 2024 |

**SAND HOLLOW MANAGEMENT, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ........................................................................................................... 4

    I.      SAND HOLLOW SHOULD BE APPOINTED LEAD PLAINTIFF .................... 4

        A.      Sand Hollow is the Presumptive Lead Plaintiff ........................................ 4

        B.      Sand Hollow Has The Largest Financial Interest in the Relief Sought
              By the Class ....................................................................................... 5

        C.      Sand Hollow Meets Rule 23's Typicality and
              Adequacy Requirements ..................................................................... 7

    II.     BRS CLAIMS LOSSES THAT ARE SIGNIFICANTLY LOWER THAN
        SAND HOLLOW'S LOSSES AND IS NOT SUITED TO BE APPOINTED
        LEAD PLAINTIFF ................................................................................ 9

    III.    SAND HOLLOW'S SELECTION OF THE FARUQI FIRM AS LEAD
        COUNSEL SHOULD BE APPROVED .................................................. 10

CONCLUSION ....................................................................................................... 14

**TABLE OF AUTHORITIES**

**Cases**                                                                                    **Page(s)**

*In re Allergan PLC Sec. Litig.*,
    No. 18-12089, 2020 WL 5796763 (S.D.N.Y. Sept. 29, 2020) ...........................................4, 10

*Baughman v. Pall Corp.*,
    250 F.R.D. 121 (E.D.N.Y. 2008) ................................................................................................5

*Blackmoss Invs. Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) ...........................................................................................7, 8

*Foley v. Transocean Ltd.*,
    272 F.R.D. 126 (S.D.N.Y. 2011) ...............................................................................................4

*In re Fuwei Films Sec. Litig.*,
    247 F.R.D. 432 (S.D.N.Y. 2008) .........................................................................................5, 6, 7

*In re GE Sec. Litig.*,
    No. 09 Civ. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ...........................5, 6, 8

*Kokkinis v. Aegean Marine Petroleum Network, Inc.*,
    No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010 (S.D.N.Y. May 19, 2011)...........................8

*Lax v. First Merchs. Acceptance Corp.*,
    No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997)......................................................2

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) .......................................................................................3, 5

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
    275 F.R.D. 187 (S.D.N.Y. 2011) ................................................................................................8

*Pompano Beach Police & Firefighters' Ret. Sys. V. Comtech Telecomms. Corp.*,
    No. CV-09-3007 (SJF)(AKT), 2010 WL 3909331 (E.D.N.Y. Sept. 29, 2010)........................7

*Quan v. Advanced Battery Techs., Inc.*,
    No. 11 Civ. 2279(CM), 2011 WL 4343802 (S.D.N.Y. Sept. 9, 2011) .....................................7

*Reitan v. China Mobile Games & Entm't Grp., Ltd.*,
    68 F. Supp. 3d 390 (S.D.N.Y. 2014)........................................................................................10

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
    95 F. Supp. 3d 607 (S.D.N.Y. 2015).....................................................................................5, 6, 7

**Statutes**

15 U.S.C. § 78u-4(a)(l) .............................................................................................................4

15 U.S.C. § 78u-4(a)(3) ....................................................................................2, 4, 5, 7, 10

**Other Authorities**

Fed. R. Civ. P. 23(a)(4)...........................................................................................8

Lead Plaintiff movant Sand Hollow Management, LLC ("Sand Hollow") respectfully submits this memorandum of law in opposition to the competing motions to be appointed Lead Plaintiff and in further support of its motion for an Order: (1) consolidating the above-captioned, related actions ("Actions");[1] (2) appointing Sand Hollow as Lead Plaintiff; (3) approving Sand Hollow's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel; and (4) granting such further relief as the Court may deem just and proper.[2]

## PRELIMINARY STATEMENT

On April 8, 2024, opening motions were filed by six shareholders of New York Community Bancorp, Inc. ("NYCB" or the "Company,") to consolidate the *Lemm* and the *Miskey* Actions and to be appointed Lead Plaintiff (and for the appointment of their counsel as lead counsel) under the PSLRA. *See* ECF No. 10, 11, 12 (Lin's Living Trust ("Lin Trust")); ECF No. 13 (Boston Retirement System ("BRS")); ECF No. 14, 15, 16 (Clifford Davis ("Davis")); ECF Nos. 20, 21, and 23 (Sand Hollow); ECF No. 22 (Kenneth Dobson ("Dobson")); and ECF Nos. 24 and 26 (Raymond Yeung ("Yeung")).[3] All of the movants agree that consolidation of the

---

[1]    The following two Actions are pending before this Court: (1) *Lemm v. New York Community Bancorp, Inc., et al.*, No. 1:24-cv-00903-NRM-JRC ("*Lemm* Action"), which was filed on February 6, 2024; and (2) *Miskey v. New York Community Bancorp, Inc., et al.*, No. 1:24-cv-01118-NRM-JRC ("*Miskey* Action"), which was filed on February 13, 2024. The *Lemm* Action is brought on behalf of "persons and entities that purchased or otherwise acquired NYCB securities between March 1, 2023 and January 30, 2024, inclusive . . . . pursu[ing] claims against the Defendants under the [Exchange Act]." *Lemm*, Class Action Complaint for Violations of the Federal Securities Laws ¶ 1, ECF No. 1 ("*Lemm* Complaint"). The *Miskey* Action is brought on behalf of "all purchasers of NYCB securities between March 1, 2023 and February 5, 2024, inclusive . . . . pursu[ing] remedies against NYCB and certain of the Company's senior executives under §§10(b) and 20(a) of the [Exchange Act] and Rule 10b-5 promulgated thereunder." *Miskey*, Complaint for Violations of the Federal Securities Laws ¶ 1, ECF No. 1 ("*Miskey* Complaint").

[2]    Unless stated otherwise, the following conventions apply: (1) all citations, internal quotation marks and footnotes are omitted; (2) all emphases are added; and (3) all "Ex. _" references are to the exhibits attached to the Declaration of James M. Wilson, Jr. in Support of Sand Hollow Management, LLC's Motion for (1) Consolidation of the Related Actions; (2) Appointment as a Lead Plaintiff; and (3) Approval of Lead Counsel (ECF No. 23). Also, all capitalized terms not defined herein have the meaning given to them in Sand Hollow's opening Lead Plaintiff papers at ECF No. 20, 21 and 23.

[3]    References to "ECF No. __" are to the filings in the *Lemm* Action, which was the first-filed case.

1

*Lemm* and *Miskey* Actions is appropriate and therefore consolidation is not addressed herein.

On April 9, 2024, Lin Trust filed a notice of non-opposition to the competing motions. *See* ECF No. 28. On April 10, 2024, Yeung withdrew his motion to be appointed Lead Plaintiff. *See* ECF No. 29. On April 22, 2024, Dobson filed a notice of non-opposition to the competing motions. ECF No. 30. On April 22, 2024, Davis filed a notice of withdrawal of his lead plaintiff motion. ECF No. 31.

The remaining competing motions for appointment of Lead Plaintiff are Sand Hollow and BRS. Under the PSLRA, the Court adopts a presumption that the most adequate movant to serve as lead plaintiff is the movant who timely moved to be appointed lead plaintiff, has the largest financial interest in the relief sought in the case, and who otherwise satisfies adequacy and typicality requirements of Fed. R. Civ. P. Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption can be rebutted by showing of proof that the "presumptively most adequate plaintiff-- (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Sand Hollow clearly is the presumptive Lead Plaintiff under the PSLRA. Sand Hollow timely moved to be appointed lead Plaintiff with losses of **$1,446,642.62** (ECF Nos. 23-2 (Sand Hollow PSLRA Certification), 23-3 (Sand Hollow Loss Calculation), well above any of the other competing movants' losses. BRS – the only movant still seeking lead plaintiff appointment - claims losses of only $889,176.52, far less than Sand Hollow's losses.

Furthermore, Sand Hollow has the largest financial interest in these Actions when measured by the additional financial metrics sometimes employed by the Courts under the *Olsten-Lax* test. *See Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at

2

*5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998). Under the *Olsten-Lax* test, in addition to losses sustained, courts may also look to three additional factors regarding the movants' investment: (1) the number of shares purchased by the movant during the class period; (2) the number of net shares purchased by the movant during the class period; and (3) the total net funds expended by the movant during the class period. Under the additional factors of the *Olsten-Lax* test, Sand Hollow purchased **700,000** NYCB shares during the Class Period at a total cost of **$4,392,522.62** and held them through the end of the Class Period. ECF Nos. 23-2 & 23-3. None of other movants come close to Sand Hollow's financial interest as shown in this chart:

| Movant[4] | Total Shares Purchased) | Net Shares Purchased | Net Funds Expended | Losses reported |
|---|---|---|---|---|
| **Sand Hollow Management, LLC** | **700,00** | **700,000** | **$4,392,522.62** | **$1,446,642.62** |
| Boston Retirement System | 371,279 | 166,329 | $1,587,758.32 | $889,176.52 |
| ~~Lin's Living Trust dated November 21, 2007~~ | ~~168,023~~ | ~~168,023~~ | ~~$1,125,032.53~~ | ~~$473,064.21~~ |
| ~~Kenneth Dobson~~ | ~~10,000~~ | ~~10,000~~ | ~~$114,469.00~~ | ~~$75,528.00~~ |
| ~~Clifford Davis~~ | ~~10,000~~ | ~~10,000~~ | ~~$101,800.00~~ | ~~$62,859.52~~ |
| ~~Raymond Yeung~~ | ~~34,168~~ | ~~34,168~~ | ~~$193,356.71~~ | ~~$34,988.03~~ |

Sand Hollow also meets Rule 23 typicality and adequacy requirements. Sand Hollow's owner submitted a sworn declaration providing his background information – including that he has been a business owner for approximately 20 years who has been investing in the stock

---

[4]     A movant who has filed a notice of non-opposition or withdrew their motion is listed in the table of all movants with a strike through their name and transaction information.

market for approximately 12 years (ECF No. 23-4) – and understands the duties and responsibilities of being Lead Plaintiff, including fiduciary duties to the class. *Id.*

Even if BRS's losses placed it in contention to be appointed Lead Plaintiff, which they do not, this Court should deny its motion because it is not suitable to be appointed lead plaintiff in this case. BRS was previously appointed lead plaintiff in a securities case in the Southern District of New York but was subsequently found to be "an inadequate class representative" based in part on its failure to supervise its counsel resulting in the denial of class certification and reopening of the lead plaintiff process *See In re Allergan PLC Sec. Litig.,* No. 18-12089, 2020 WL 5796763 (S.D.N.Y. Sept. 29, 2020).

Sand Hollow clearly meets the PSLRA's stringent requirements to serve as Lead Plaintiffs on behalf of NYCB shareholders in this case.  Sand Hollow respectfully ask this Court to grant its motion to be appointed Lead Plaintiff and approve its selection of the Faruqi Firm as Lead Counsel.

**ARGUMENT**

**I.      SAND HOLLOW SHOULD BE APPOINTED LEAD PLAINTIFF**

      **A.      Sand Hollow is the Presumptive Lead Plaintiff**

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff. *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011) (citing 15 U.S.C. § 78u-4(a)(3)(A)).

4

As described in its opening brief, Sand Hollow has fully satisfied the PSLRA's requirements for appointment of Lead Plaintiff. *See generally* Sand Hollow Lead Plaintiff Motion (ECF Nos. 20, 21, and 23). Its motion was timely filed and included the required certification identifying all of its relevant transactions in NYCB securities during the Class Period showing that it has the largest financial interest in the case. Sand Hollow also filed the required documentation showing that its claims are typical of the class, and it will be an adequate representative as required under Rule 23. *See* Sand Hollow Opening Br. at 9-17. ECF No. 21. It should therefore be appointed Lead Plaintiff.

**B.     Sand Hollow Has The Largest Financial Interest in the Relief Sought By the Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4 (a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to any definitive methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit have typically looked to the following four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008); *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 616 (S.D.N.Y. 2015); *In re Olsten Corp.*, 3 F. Supp. 2d at 295; *Baughman v. Pall Corp.*, 250 F.R.D. 121, 125 (E.D.N.Y. 2008); *In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *4 (S.D.N.Y. July 29, 2009). Courts have placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant. *See, e.g., Baughman*, 250

5

F.R.D. at 125; *In re GE*, 2009 WL 2259502, at *4; *In re Fuwei*, 247 F.R.D. at 437; *Topping*, 95

F. Supp. 3d at 616.

As illustrated in the table below, Sand Hollow is indisputably the movant with the largest

financial interest in these Actions:

| Movant[5] | Total Shares Purchased) | Net Shares Purchased | Net Funds Expended | Losses reported |
|---|---|---|---|---|
| **Sand Hollow Management, LLC** | **700,00** | **700,000** | **$4,392,522.62** | **$1,446,642.62** |
| Boston Retirement System | 371,279 | 166,329 | $1,587,758.32 | $889,176.52 |
| ~~Lin's Living Trust dated November 21, 2007~~ | ~~168,023~~ | ~~168,023~~ | ~~$1,125,032.53~~ | ~~$473,064.21~~ |
| ~~Kenneth Dobson~~ | ~~10,000~~ | ~~10,000~~ | ~~$114,469.00~~ | ~~$75,528.00~~ |
| ~~Clifford Davis~~ | ~~10,000~~ | ~~10,000~~ | ~~$101,800.00~~ | ~~$62,859.52~~ |
| ~~Raymond Yeung~~ | ~~34,168~~ | ~~34,168~~ | ~~$193,356.71~~ | ~~$34,988.03~~ |

As shown above, Sand Hollow clearly has the largest loss among the movants. Sand

Hollow also expended the most funds in connection with purchases of NYCB securities and

purchased and retained the largest number of shares.

Given that Sand Hollow asserts the largest financial interest among the movants by a

substantial margin, Sand Hollow is entitled to invoke the PSLRA's "most adequate plaintiff"

presumption.

---

[5]    A movant who has filed a notice of non-opposition or withdrew their motion is listed in the table of all movants with a strike through their name and transaction information.

**C.    Sand Hollow Meets Rule 23's Typicality and Adequacy Requirements**

The PSLRA also requires that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). When assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g.*, *Pompano Beach Police & Firefighters' Ret. Sys. V. Comtech Telecomms. Corp.*, No. CV-09-3007 (SJF)(AKT), 2010 WL 3909331, at *2 (E.D.N.Y. Sept. 29, 2010); *In re Fuwei*, 247 F.R.D. at 436; *see also Blackmoss Invs. Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

Typicality is established where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Blackmoss*, 252 F.R.D. at 191 (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "However, a lead plaintiff's claims need not be identical to the claims of the class in order to satisfy the preliminary showing of typicality." *Topping*, 95 F. Supp. 3d at 623; *In re Fuwei*, 247 F.R.D. at 436.

Sand Hollow's claims are clearly typical of the Class's claims. Sand Hollow purchased NYCB securities during the Class Period, suffered damages as a result of the Company's false and misleading statements, and therefore can assert the Class's claims against Defendants under the federal securities laws. Because the factual and legal bases of Sand Hollow's claims are similar to those of the Class's claims, Sand Hollow necessarily satisfies the typicality requirement. *See Quan v. Advanced Battery Techs., Inc.*, No. 11 Civ. 2279(CM), 2011 WL 4343802, at *3 (S.D.N.Y. Sept. 9, 2011) (finding movant typical where "he suffered losses as a

7

result of [the company's] false and misleading statements during the same period as the other movants, plaintiffs, and potential class members, and [] he is alleging violations of the same provisions of the [Exchange Act], against the same defendants as the other parties.").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequate representation will be found if able and experienced counsel represent the proposed representative, and the proposed representative has no fundamental conflicts of interest with the interests of the class as a whole. *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation."); *In re GE*, 2009 WL 2259502, at *5 (Plaintiff "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel.").

As evidenced by the representations in its certification, Sand Hollow's interests are perfectly aligned with—and by no means antagonistic to—the Class. *See Kokkinis v. Aegean Marine Petroleum Network, Inc.*, No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010, at *2 (S.D.N.Y. May 19, 2011) (movant's certification evidenced adequacy to serve as lead plaintiff); *see also Blackmoss*, 252 F.R.D. at 191 (same). Contemporaneously with the filing of the instant motion, Jason Stubbs ("Stubbs"), Principal and Owner of Sand Hollow has submitted a Declaration with additional information about himself and Sand Hollow, his work and educational background, and experience investing, clearly demonstrating Sand Hollow's adequacy to represent class members. Sand Hollow provides business consulting and

management services. Ex. D, Declaration of Jason Stubbs, Principal and Owner of Sand Hollow Management ¶ 3. Stubbs also has owned and operated Invert Sports LLC for approximately 20 years. *Id.* Invert Sports LLC offers wakeboard and water ski and surf boats, watercraft rentals, boat charter, and wake sports. *Id.* Stubbs has been investing in the stock market for approximately 12 years and manages his own investments. *Id*. at ¶ 4. The investment transactions in NYCB securities that are the subject of this lawsuit were made by Sand Hollow. *Id.*

Sand Hollow has also selected and retained highly competent counsel to litigate the claims on behalf of itself and the Class. As explained below in Section III, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. Consequently, Sand Hollow is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, Sand Hollow respectfully submits that it is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Action.

II.     **BRS CLAIMS LOSSES THAT ARE SIGNIFICANTLY LOWER THAN SAND HOLLOW'S LOSSES AND IS NOT SUITED TO BE APPOINTED LEAD PLAINTIFF**

The remaining movant, BRS, claims much lower losses and is otherwise not suited to be appointed lead plaintiff.

BRS possesses a far smaller financial interest than Sand Hollow in the litigation – measured by all four of the *Olsten-Lax* factors, as set forth in the chart above and therefore does not meet this requirement under the PSLRA to be appointed lead plaintiff. Section I.B., *supra*.

Furthermore, BRS's ability to adequately serve as Lead Plaintiff is questionable. BRS was previously appointed lead plaintiff in a securities case in the Southern District of New York but was subsequently found to be "an inadequate class representative" at the class certification stage based in part on its failure to supervise its counsel to abide by a Court order. That finding

later in the litigation, led the Court to deny class certification and to re-open the lead plaintiff process and appoint a new lead plaintiff, causing significant delay to the case. *See In re Allergan,* 2020 WL 5796763. Indeed, the court noted in *Allergan* that "Court's confidence in BRS's ability to supervise its counsel's time records is undermined by another court's recent admonishment of Thornton and another law firm, which the court discovered had deliberately submitted false timesheets and encouraged double billing. *See Ark. Teacher. Ret. Sys. v. State St. Bank & Tr. Co.*, C.A. No. 11-10230-MLW, 2020 WL 949885, at \*\*7, 23 (D. Mass Feb. 27, 2020)." *Id.* at \*8, n.2.

### III.    SAND HOLLOW'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. Sand Hollow has selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm[6], and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Ex. E, Firm Resume of Faruqi & Faruqi, L.L.P.; *see also Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions. The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995. Faruqi & Faruqi achieved successful outcomes in many of these cases.").

---

[6]    *See* Ex. F (certificate from Women's Business Enterprise National Council certifying the Faruqi Firm as a woman-owned business) (renewal pending).

For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g., In re Tahoe Res., Inc. Sec. Litig.*, No. 2:17-cv-01868-RFB-NJK (D. Nev.) (where, as sole lead counsel, the firm obtained final approval of $19.5 million settlement); *Lowthorp v. Mesa Air Grp., Inc.*, No. 2:20-cv-00648-MTL (D. Ariz.) (where, as sole lead counsel, the firm obtained final approval of $5 million settlement); *Rudani v. Ideanomics, Inc.*, No. 1:19-cv-06741-GBD (S.D.N.Y.) (where, as sole lead counsel, the firm obtained final approval of $5 million settlement); *In re Revolution Lighting Techs., Inc. Sec. Litig.*, No. 1:19-cv-00980-JPO (S.D.N.Y.) (where, as sole lead counsel, the firm obtained final approval of $2,083,333.33 settlement); *Sterrett v. Sonim Techs., Inc.*, No. 3:19-cv-06416-MMC (N.D. Cal.) (where, as sole lead counsel, the firm obtained final approval of $2 million settlement); *Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal. 2019) (where, as sole lead counsel, the firm obtained final approval of $6.75 million settlement); *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2018) (appointed as sole lead counsel in the federal action, and together with lead counsel in a parallel state action obtained final approval of a $13 million global settlement); *Rihn v. Acadia Pharm., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2018) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $2.925 million settlement); *In re Geron Corp., Sec. Litig.*, No. 3:14-CV-01224-CRB (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 3:13-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 3:12-cv-00213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir.

11

2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.*, No. 1:13-CV-06704 (AJP) (S.D.N.Y. 2015) (where the Faruqi Firm, as co-lead counsel, secured a $3.5 million settlement); *In re Ebix, Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, No. 27 CV 06-8085 (Minn. 4th Jud. Dist. 2009) (where the Faruqi Firm, as co-lead counsel, obtaining a recovery of more than $930 million for the benefit of the Company, and negotiating important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 3:02-cv-5878-FLW-JJH (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel and recovering a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 0:97-CV-5056-DRH-ETB (E.D.N.Y. 2001) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 1:98-cv-01068-LLS (S.D.N.Y. 2002) (where the Faruqi Firm, acting as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. 2:01-cv-0483-JLQ-PAL (D. Nev. 2006) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g., Clifton v. Willis*, No. 1:22-cv-03161-DDD-JPO (D. Colo.) (appointed sole lead counsel for the class of NewAge, Inc. shareholders); *Lim v. Hightower*, No. 4:23-cv-01454-BYP (N.D. Ohio) (appointed sole lead counsel for the class of Lordstown Motors Corp. shareholders); *Johnson v. Luminar Techs., Inc.*, No. 6:23-cv-982-PGB-LHP (M.D. Fla.) (appointed sole lead counsel for the class); *Kain v. Ampio Pharms., Inc.*, No. 22-cv-02105-WJM-MEH (D. Colo.)

12

(appointed sole lead counsel for the class); *Murphy v. Argo Blockchain plc*, No. 1:23-cv-00572-NRM-SJB (E.D.N.Y.) (appointed sole lead counsel for the class); *In re Revance Therapeutics, Inc. Sec. Litig.*, No. 5:21-cv-09585-EJD (N.D. Cal.) (appointed sole lead counsel for the class); *In Re Peloton Interactive, Inc. Sec. Litig.*, No. 1:21-cv-02369-CBA-PK (S.D.N.Y.) (appointed sole lead counsel for the class); and *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 20-4660-KSM (E.D. Pa.) (appointed sole lead counsel for the class).

The Faruqi Firm, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. The Faruqi Firm has a proven track record of successfully representing its clients in these matters and is nationally recognized for its excellence. Not only does the firm have the experience and expertise necessary to obtain significant successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients and judges increasingly seek from the bar.[7] Class members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel. Currently, over 40% of the firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years. *See* https://www.faruqilaw.com/our-attorneys. The Faruqi Firm is proud to be made up of such a diverse group of legal professionals and strongly believes that its clients are better served because of it.

---

[7]     *See* Anne Cullen, More Judges Are Demanding Diversity Among Class Counsel, Law360 (July 16, 2020), https://www.law360.com/articles/1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, Calls for Lawyer Diversity Spread to Complex Class Litigation, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.

## CONCLUSION

For the foregoing reasons, Sand Hollow respectfully requests that the Court: (1) consolidate the above-captioned, related actions; (2) appoint it as Lead Plaintiff; (3) approve its selection of the Faruqi Firm as Lead Counsel for the putative Class; and (4) grant such other relief as the Court may deem just and proper.

Dated: April 22, 2024

Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:     /s/ James M. Wilson, Jr.
         James M. Wilson, Jr.

James M. Wilson, Jr.
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:   jwilson@faruqilaw.com

Robert W. Killorin (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
3565 Piedmont Road NE Building Four
Suite 380
Atlanta, GA 30305
Telephone: 404-847-0617
Facsimile: 404-506-9534
Email:  rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff Sand Hollow Management, LLC and [Proposed] Lead Counsel for the putative Class*

14