UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER EDWARD LEMM, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>NEW YORK COMMUNITY BANCORP, INC., THOMAS R. CANGEMI, and JOHN J. PINTO,<br><br>　　　　　　　Defendants. | No. 24-cv-00903-NRM-JRC<br><br>Judge Nina R. Morrison<br><br><u>CLASS ACTION</u><br><br><u>ORAL ARGUMENT REQUESTED</u> |
| DALE MISKEY, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>NEW YORK COMMUNITY BANCORP, INC., THOMAS ROBERT CANGEMI and JOHN J. PINTO,<br><br>　　　　　　　Defendants. | No. 24-cv-01118-NRM-JRC<br><br>Judge Nina R. Morrison<br><br><u>CLASS ACTION</u><br><br><u>ORAL ARGUMENT REQUESTED</u> |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF BOSTON RETIREMENT SYSTEM'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ........................................................................................................................... 2

I. SAND HOLLOW IS ATYPICAL OF THE CLASS AND INADEQUATE TO SERVE AS LEAD PLAINTIFF ....................................................................... 2

    A. Sand Hollow's Atypical Trading Subjects It To A Fatal Unique Defense ............. 2

    B. Sand Hollow Has Not Shown It Is Adequate To Represent The Class ................. 4

II. THERE IS NO REAL EVIDENCE TO SUPPORT SAND HOLLOW'S CHALLENGE TO BOSTON'S ADEQUACY .............................................................. 5

CONCLUSION ........................................................................................................................ 8

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In re Allergan PLC Sec. Litig.*,
   No. 18 Civ. 12089 (CM), 2020 WL 5796763 (S.D.N.Y. Sept. 29, 2020). .........................1, 6, 7

*Barry v. Colony NorthStar, Inc.*,
   No. CV 18-2888-GW(MRWX), 2018 WL 11459916 (C.D. Cal. July 16, 2018).....................5

*Bhangal v. Hawaiian Elec. Indus., Inc.*,
   No. 3:23-cv-04332-JSC, 2023 WL 8482871 (N.D. Cal. Dec. 7, 2023).....................................3

*Boston Ret. Sys. v. Uber Techs., Inc.*,
   No. 19-cv-06361-RS, 2022 WL 2954937 (N.D. Cal. July 26, 2022). ...................................6, 7

*City of Warren Police & Fire Ret. Sys. v. World Wrestling Ent. Inc.*,
   No. 20-cv-2031 (JSR), 2020 WL 2614703 (S.D.N.Y. May 22, 2020) ......................................5

*Erickson v. Snap, Inc.*
   No. 2:17-cv-03679-SVW-AGR, 2017 WL 11592635
   (C.D. Cal. Sept. 18, 2017)..........................................................................................................2

*Faris v. Longtop Fin. Techs. Ltd.*,
   No. 11 Civ. 3658(SAS), 2011 WL 4597553 (S.D.N.Y. Oct. 4, 2011) ......................................2

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   903 F.2d 176 (2d Cir. 1990).......................................................................................................2

*In re Hebron Tech. Co., Ltd. Sec. Litig.*,
   No. 20 Civ. 4420 (PAE), 2020 WL 5548856 (S.D.N.Y. Sept. 16, 2020)..................................3

*Lundy v. Ideanomics, Inc.*,
   No. 20 Civ. 4944 (GBD), 2020 WL 7389027 (S.D.N.Y. Dec. 16, 2020) .................................3

*Nayani v. LifeStance Health Grp., Inc.*,
   641 F. Supp. 3d 57 (S.D.N.Y. 2022).........................................................................................5

*Parot v. Clarivate Plc*,
   No. 22-CV-1371 (ARR), 2022 WL 1568735 (E.D.N.Y. May 18, 2022) .................................6

*Perez v. HEXO Corp.*,
   No. 19 Civ. 10965 (NRB), 2020 WL 905753 (S.D.N.Y. Feb. 25, 2020) .................................5

*Randall v. Fifth Street Fin. Corp.*,
   No. 15-cv-7759(LANK), 2016 WL 462479 (S.D.N.Y. Feb. 1, 2016).......................................8

*Shapiro v. TG Therapeutics, Inc.*,
   No. No. 22-cv-6106 (JSR), 2022 WL 16555585 (S.D.N.Y. Oct. 31, 2022) ............................ 7

*Woburn Ret. Sys. v. Salix Pharms., Ltd.*,
   No. 14-CV-8925 (KMW), 2015 WL 1311073 (S.D.N.Y. Mar. 23, 2015) ............................... 6

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ............................................................................................. 2, 6

**Docketed Cases**

*Allison v. Oak Street Health, Inc.*,
   No. 22-cv-00149 (N.D. Ill.) ........................................................................................................ 7

*In re Barclays PLC Sec. Litig.*,
   No. 22-cv-08172 (S.D.N.Y.) ...................................................................................................... 7

*Boston Ret. Sys. v. Uber Techs., Inc.*,
   No. 19-cv-06361 (N.D. Cal.) ..................................................................................................... 7

*In re Colonial BancGroup, Inc. Sec. Litig.*,
   No. 09-cv-00104 (M.D. Ala.) .................................................................................................... 7

*In re Fannie Mae 2008 Sec. Litig.*,
   No. 08-cv-07831 (S.D.N.Y.) .................................................................................................. 7, 8

*In re Huron Consulting Grp., Inc. Sec. Litig.*,
   No. 09-cv-04734 (N.D. Ill.) ....................................................................................................... 8

*In re Novo Nordisk Sec. Litig.*,
   No. 17-cv-00209 (D.N.J.) .......................................................................................................... 7

*In re Nu Skin Enters., Inc., Sec. Litig.*,
   No. 14-cv-00033 (D. Utah) ........................................................................................................ 7

*In Re PTC Therapeutics, Inc. Sec. Litig.*,
   No. 16-cv-01224 (D.N.J.) .......................................................................................................... 7

*Public Pension Fund Grp. v. KV Pharm. Co.*,
   No. 08-cv-01859 (E.D. Mo.) ..................................................................................................... 8

*Rubin v. MF Global, Ltd.*,
   No. 08-cv-02233 (S.D.N.Y.) ...................................................................................................... 8

*Shapiro v. TG Therapeutics, Inc.*,
   No. 22-cv-06106 (S.D.N.Y.) ...................................................................................................... 7

*In re Silvergate Cap. Corp. Sec. Litig.*,
   No. 22-cv-01936 (S.D. Cal.) ............................................................................................7

*In re Telefonaktiebolaget LM Ericsson Sec. Litig.*,
   No. 22-cv-01167 (E.D.N.Y.) ............................................................................................7

*Tung v. Dycom Indus., Inc.*,
   No. 18-cv-81448 (S.D. Fla.) ............................................................................................7

*Vazquez v. Masimo Corp.*,
   No. 23-cv-01546 (S.D. Cal.) ............................................................................................7

Proposed Lead Plaintiff Boston Retirement System ("Boston") respectfully submits this reply memorandum in further support of its Motion for consolidation[1], appointment as Lead Plaintiff, and approval of selection of Labaton as Lead Counsel; and in opposition to all competing movants.[2]

## PRELIMINARY STATEMENT

All motions for Lead Plaintiff appointment were filed on April 8, 2024 (ECF Nos. 10, 13, 14, 20, 22, and 24), and all oppositions were filed April 22, 2024. ECF Nos. 32-34.[3] Those filings leave no doubt that Boston should be appointed Lead Plaintiff.

Sand Hollow, the only remaining competing movant, simply cannot be appointed Lead Plaintiff because its trading is atypical of the Class and it has failed to show it is an adequate Class representative. *See generally* ECF No. 32. Nothing in Sand Hollow's opposition provides evidence to resolve these fatal issues. *See generally* ECF No. 34.

Sand Hollow spends a single paragraph of its opposition brief making a speculative argument that Boston's "ability to adequately serve as Lead Plaintiff is questionable," because it was found to be an inadequate class representative in *In re Allergan PLC Sec. Litig.*, No. 18 Civ. 12089 (CM)(GWG), 2020 WL 5796763 (S.D.N.Y. Sept. 29, 2020). ECF No. 34 at 9-10. This "poor fiduciary" challenge falls far short of the proof required to demonstrate that Boston does not

---

[1] None of the movants oppose consolidation of the Related Actions. ECF Nos. 10, 13, 14, 20, 22, and 24. Unless otherwise noted, ECF references are to the docket of the first filed of the Related Actions, *Lemm, Jr. v. New York Community Bancorp, Inc.*, No. 24-cv-00903 (E.D.N.Y.).

[2] Unless otherwise noted, all defined terms and abbreviations remain unchanged from those in Boston's opening motion, and supporting papers. *See* ECF No. 13. In addition to Boston, five other investors filed for Lead Plaintiff appointment on April 8, 2024. ECF Nos. 10, 14, 20, 22, and 24. Four of those investors have subsequently withdrawn their motion or filed a notice of non-opposition to the competing motions. *See* ECF Nos. 28-31. Accordingly, only Boston and Sand Hollow Management, LLC ("Sand Hollow") continue to vie for appointment.

[3] Although Defendants filed a response to the motions, they took no position on which movant should be appointed Lead Plaintiff. ECF No. 33 at 3.

1

fulfill the requirements for Lead Plaintiff appointment, and in any event, has been expressly and repeatedly rejected by courts appointing Boston as lead plaintiff and class representative in prior PSLRA class action litigation. Thus, Boston is the only qualified movant with the greatest financial interest and should be appointed as Lead Plaintiff.

## ARGUMENT

I. **SAND HOLLOW IS ATYPICAL OF THE CLASS AND INADEQUATE TO SERVE AS LEAD PLAINTIFF**

   A. **Sand Hollow's Atypical Trading Subjects It To A Fatal Unique Defense**

Sand Hollow's trading renders it atypical of the Class because it only started buying NYCB securities *after* Defendants' fraud was largely disclosed. This trading pattern would undoubtedly expose the Class to "unique defenses which threaten[s] to become the focus of the litigation." *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990). Specifically, Defendants will argue that Sand Hollow "invested in [NYCB] securities notwithstanding notice of [D]efendants' misstatements and omission," and therefore cannot "assert the fraud-on-the-market presumption of reliance, thereby rendering them inadequate class representatives." *Faris v. Longtop Fin. Techs. Ltd.*, No. 11 Civ. 3658(SAS), 2011 WL 4597553, at *8 (S.D.N.Y. Oct. 4, 2011); *Erickson v. Snap, Inc.* No. 2:17-cv-03679-SVW-AGR, 2017 WL 11592635, at *3 (C.D. Cal. Sept. 18, 2017) (citations omitted) ("'Without the benefit of the presumption of reliance, requiring proof of individualized reliance from each member of the proposed plaintiff class effectively would [prevent plaintiffs] from proceeding with a class action, since individual issues then would have overwhelmed the common ones . . . . Accordingly, 'post-disclosure purchases can defeat the typicality requirement for class certification when plaintiffs made a disproportionally large percentage of their purchases post-disclosure.'").

2

While *some* purchases after a partial disclosure could be typical of the relevant class of investors, courts frequently reject lead plaintiff movants which, like Sand Hollow, made ***all*** their class period purchases *after* a significant disclosure of the relevant fraud. *See Lundy v. Ideanomics, Inc.*, No. 20 Civ. 4944 (GBD), 2020 WL 7389027, at *3 (S.D.N.Y. Dec. 16, 2020) ("While post-disclosure purchases are not a per se bar to an appointment as lead plaintiff, [movant] may be subject to a unique defense because he purchased *all* his class period shares after [a] partial corrective disclosures but before the . . . final corrective disclosure.") (emphasis in original); *In re Hebron Tech. Co., Ltd. Sec. Litig.*, No. 20 Civ. 4420 (PAE), 2020 WL 5548856, at *6-7 (S.D.N.Y. Sept. 16, 2020) (declining to appoint a movant which "bought all his [relevant securities] . . . at almost precisely the same time that adverse news broke," because there was "a real risk that the idiosyncrasies of [movant's] purchases would become . . . a distraction at trial, were [movant] appointed lead plaintiff, with his trading serving as a proxy for the class"); *Bhangal v. Hawaiian Elec. Indus., Inc.*, No. 3:23-cv-04332-JSC, 2023 WL 8482871, at *3 (N.D. Cal. Dec. 7, 2023) (finding a movant atypical because he "allege[d] his purchases occurred," after a partial disclosure of defendants' fraud). Sand Hollow suffers from the same trading defect in this case.

The below chart compares NYCB's stock price during the Class Period (blue line) with Sand Hollow's transactions during the Class Period (red line):

3



The chart clearly demonstrates that Sand Hollow did not begin buying NYCB securities until the Company's stock price *was already dropping precipitously* due to the January 31, 2024 revelation of Defendants' fraud. In fact, Sand Hollow did not begin buying NYCB stock until *after* the end of the class period alleged in the first of the Related Actions. ECF No. 1 ¶ 1.

Simply put, there is no reason to subject the Class to the substantial risk posed by Sand Hollow's atypical trading pattern in this case. Boston, a highly experienced lead plaintiff which has secured numerous favorable settlements for classes of investors, is subject to no such unique defense and should be appointed Lead Plaintiff.

   **B.**  **Sand Hollow Has Not Shown It Is Adequate To Represent The Class**

In additional to having an atypical trading pattern, Sand Hollow has offered nearly no evidence it is adequate to represent the Class. Based on its submissions, Sand Hollow is entirely owned and operated by Jason Stubbs, an unknown individual with no relevant litigation experience. *See* ECF Nos. 20, 21, and 23. Mr. Stubbs has failed to demonstrate he is capable of "adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

When determining if investors are adequate for lead plaintiff appointment, courts consider "the 'available resources and experience of the proposed lead plaintiff . . . .'" *City of Warren Police & Fire Ret. Sys. v. World Wrestling Ent. Inc.*, No. 20-cv-2031 (JSR), 2020 WL 2614703, at *2 (S.D.N.Y. May 22, 2020) (citation omitted). In particular, courts have found movants inadequate where they lack "meaningful litigation experience," or have "career experience that appears to have no bearing on the management of securities litigation." *Id.* at *3; *see also Perez v. HEXO Corp.*, No. 19 Civ. 10965 (NRB), 2020 WL 905753, at *3 (S.D.N.Y. Feb. 25, 2020) (rejecting a movant with the largest financial interest because the court was skeptical that the movant "an individual investor about whom little is known – possesse[d] the requisite sophistication to serve as lead plaintiff"); *Nayani v. LifeStance Health Grp., Inc.*, 641 F. Supp. 3d 57, 63 (S.D.N.Y. 2022) ("The Court has significant doubts that [movant] will manage and monitor counsel in the way that Congress envisioned when it enacted the PSLRA [because she] does not have any experience managing attorneys in litigation."). In additional to providing no evidence to support his adequacy, evidence of Mr. Stubbs' criminal history (ECF No. 32-3) further undermines his adequacy. Therefore, Mr. Stubbs is an inadequate Lead Plaintiff, and his motion should be denied.

## II. THERE IS NO REAL EVIDENCE TO SUPPORT SAND HOLLOW'S CHALLENGE TO BOSTON'S ADEQUACY

With Sand Hollow removed from consideration, Boston is the only movant capable of satisfying the PSLRA's financial interest, adequacy, and typicality requirements. *See* ECF Nos. 28-31 (all movants besides Boston and Sand Hollow withdrawing their motions or filing notices of non-opposition to the competing motions). Therefore, Boston is the presumptive Lead plaintiff. *Barry v. Colony NorthStar, Inc.*, No. CV 18-2888-GW(MRWX), 2018 WL 11459916, at *2 (C.D. Cal. July 16, 2018) ("If the movant with the largest financial stake is shown not to satisfy the

5

typicality or adequacy criteria, the movant with the next largest financial stake becomes the presumptive lead plaintiff.").

Sand Hollow's perfunctory claim that Boston's "ability to adequately serve as Lead Plaintiff is questionable," is textbook speculation and falls far short of the "exacting proof" required to prove that Boston is not the most adequate plaintiff. *Parot v. Clarivate Plc*, No. 22-CV-1371 (ARR), 2022 WL 1568735, at *7 (E.D.N.Y. May 18, 2022). Sand Hollow relies exclusively on the *Allergan* litigation, where a different court denied class certification based on facts and circumstances relevant only to that litigation. *See In re Allergan PLC Sec. Litig.*, 2020 WL 5796763, at *6-9 (denying class certification where Boston failed to follow an "explicit instruction [in the lead plaintiff order] that there was to be one and only one law firm serving as lead counsel"). However, unlike the *Allergan* case, Boston proposes only one law firm, Labaton, serve as Lead Counsel for the class in this litigation. Based on this factual record, Boston's prior involvement with the *Allergan* matter is off base and by no means indicative of Boston's ability to adequately serve as Lead Plaintiff in this litigation. *See Woburn Ret. Sys. v. Salix Pharms., Ltd.*, No. 14-CV-8925 (KMW), 2015 WL 1311073, at *9 (S.D.N.Y. Mar. 23, 2015) ("[M]ere allegations . . . without a finding established on the record, are insufficient to rebut [the] presumption of adequacy.").

Further, this exact argument has been expressly and repeatedly rejected by courts appointing Boston as lead plaintiff and class representative. In *Boston Retirement System v. Uber Technologies, Inc.*, the court appointed Boston as a class representative over defendants' same objections, stating that Boston "more than surpass[ed] [the adequacy] standard." No. 19-cv-06361-RS, 2022 WL 2954937, at *4 (N.D. Cal. July 26, 2022). Currently, Boston is negotiating a settlement in the *Uber* case resulting in a favorable result for the Class, demonstrating its

6

continued adequacy to represent classes of investors and deliver positive results. *See Boston Ret. Sys. v. Uber Techs., Inc.*, No. 19-cv-06361 (N.D. Cal.), ECF No. 451.

A movant in *Shapiro v. TG Therapeutics, Inc.*, made the same arguments against Boston, which Judge Rakoff dismissed as irrelevant given the record before the court. *See* No. 22-cv-6106 (JSR), 2022 WL 16555585, at *6 n.2 (S.D.N.Y. Oct. 31, 2022). In rejecting this argument, that court noted that Boston was seeking the appointment of different class counsel than in the *Allergan* matter and that Boston's current General Counsel "was not employed as [Boston's] General Counsel for the [*Allergan*] case." *Id.* The same is true here. In all, Boston has been appointed lead plaintiff in six securities actions since *Allergan* without a single court crediting an *Allergan*-based challenge. *See Vazquez v. Masimo Corp.*, No. 23-cv-01546 (S.D. Cal.); *In re Silvergate Cap. Corp. Sec. Litig.*, No. 22-cv-01936 (S.D. Cal.); *In re Barclays PLC Sec. Litig.*, No. 22-cv-08172 (S.D.N.Y.); *Shapiro v. TG Therapeutics, Inc.*, No. 22-cv-06106 (S.D.N.Y.); *In re Telefonaktiebolaget LM Ericsson Sec. Litig.*, No. 22-cv-01167 (E.D.N.Y.); *Allison v. Oak Street Health, Inc.*, No. 22-cv-00149 (N.D. Ill.). This case should be no different.

Boston's adequacy as a lead plaintiff is further underscored by the numerous lawsuits in which it has successfully secured a favorable settlement for classes of investors as lead plaintiff: *In re Novo Nordisk Securities Litigation*, No. 17-cv-00209 (D.N.J.) (recovering $100 million for investors); *Tung v. Dycom Industries, Inc.*, No. 18-cv-81448 (S.D. Fla.) (recovering $9.5 million for investors); *In Re PTC Therapeutics, Inc. Securities Litigation*, No. 16-cv-01224 (D.N.J.) (recovering $14.75 million for investors); *In re Nu Skin Enterprises, Inc., Securities Litigation*, No. 14-cv-00033 (D. Utah) (recovering $47 million for investors); *In re Colonial BancGroup, Inc. Securities Litigation*, No. 09-cv-00104 (M.D. Ala.) (recovering a total of $18.4 million for investors); *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-07831 (S.D.N.Y.) (recovering

7

$170 million for investors); *Public Pension Fund Group v. KV Pharmaceutical Co.*, No. 08-cv-01859 (E.D. Mo.) (recovering $12.8 million for the investors); *Rubin v. MF Global, Ltd.*, No. 08-cv-02233 (S.D.N.Y.) (recovering $90 million for investors); *In re Huron Consulting Group, Inc. Securities Litigation*, No. 09-cv-04734 (N.D. Ill.) (recovering $38 million for investors). This long record of successfully representing classes of investors leaves no doubt that Boston is an adequate Lead Plaintiff for the Class in these Related Actions.

Indeed, Boston is the only institutional investor seeking leadership of the Related Actions. Courts frequently appoint institutional investors over individual investors, even where the individual investor has a larger loss, because of "the Congressional preference for institutional lead plaintiffs in private securities class actions." *Randall v. Fifth Street Fin. Corp.*, No. 15-cv-7759(LANK), 2016 WL 462479, at *3 (S.D.N.Y. Feb. 1, 2016). Therefore, as an institutional investor that is subject to no unique defenses, Boston should be appointed.

## CONCLUSION

For the reasons discussed above and in prior briefs, Boston respectfully requests that the Court grant its Motion and deny the competing motion.

DATED:  April 29, 2024

Respectfully submitted,

*/s/ Francis P. McConville*
**LABATON KELLER SUCHAROW LLP**
Eric J. Belfi
Francis P. McConville
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Proposed Lead Plaintiff Boston Retirement System and Proposed Lead Counsel for the Class*

8