**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WALTER EDWARD LEMM, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>NEW YORK COMMINUTY BANCORP, INC., THOMAS R. CANGEMI and JOHN J. PINTO,<br><br>    Defendants. | Case No. 1:24-cv-00903-NRM-JRC<br><br>Served on May 2, 2024 |
| DALE MISKEY, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>NEW YORK COMMINUTY BANCORP, INC., THOMAS ROBERT CANGEMI and JOHN J. PINTO,<br><br>    Defendants. | Case No. 2:24-cv-01118-NRM-JRC<br><br>Served on May 2, 2024 |

**SAND HOLLOW MANAGEMENT, LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SUPPLEMENT THE**
**RECORD REGARDING THE LEAD PLAINTIFF MOTIONS**

Lead Plaintiff movant Sand Hollow Management, LLC ("Sand Hollow"), by and through its undersigned counsel, files this Memorandum of Law in Support of its Motion to Supplement the Record Regarding the Competing Motions for Lead Plaintiff.

**BACKGROUND**

On April 29, 2024, Sand Hollow filed a reply in opposition to the competing lead plaintiff motion and opposition papers filed by Boston Retirement System ("BRS") in which it

1

claimed that Sand Hollow's owner, Jason Stubbs, had been charged with child abuse nearly 20 years ago. *See* BRS Opposition 12 (ECF No. 32).  Sand Hollow responded that the charge was false and Mr. Stubbs filed a sworn declaration that such a charge was false. *See* Sand Hollow Reply (ECF No. 36), Declaration of Jason Stubbs Principal and Owner of Movant Sand Hollow Management LLC in Reply to the Opposition Filed by Boston Retirement System ("Stubbs Reply Decl."), ECF No. 37-1.

### NEW DEVELOPEMENTS

Sand Hollow respectfully moves the Court to allow it to supplement its motion for the appointment as lead plaintiff with the attached  Declaration from Jason Stubbs to respond to the false and incorrect allegations that BRS continues to make and to a letter from BRS's counsel to Sand Hollow's counsel that was received on May 1, 2024 ("BRS Letter").[1]  That letter contained more of the same ***mistaken and unofficial*** reports from the internet indicating Mr. Stubbs was convicted of child abuse (which he vehemently denies) and new information about a civil matter Mr. Stubbs was involved in which resulted in him having to pay a $3,500 in damages for defamation of an attorney that he had a dispute with.  The letter also informed Mr. Stubbs of BRS's plan to "raise these issues with the Court in advance of the May 3, 2024 hearing."

---

[1]     The BRS Letter is attached as Exhibit A to Declaration of Jason Stubbs Principal and Owner of Movant Sand Hollow Management LLC to Respond to Information About Me by Boston Retirement System ("Stubbs Response Decl."), attached to transmittal Declaration of James M. Wilson, Jr. in Support of Sand Hollow Motion to Supplement the Record Regarding the Competing Lead Plaintiff Motions ("Wilson Supp. Decl.").

Regarding the civil matter, BRS's counsel claims that those documents that indicate that Mr. Stubbs "has a history of being a serial liar, including under oath in the course of a lawsuit." As shown below, this assertion is false.  Counsel for BRS also asserts that based on the documents "it appears beyond any reasonable doubt that Jason Stubbs, your client, was involved in some criminal accusation related to child abuse as described in Boston's earlier filing." *See* BRS Letter, Ex. A to Stubbs Response Decl.  BRS's Counsel concludes its letter with the following claim:

> Given the facts and circumstances described above, it appears beyond any reasonable doubt that Jason Stubbs, your client, was involved in some criminal accusation related to child abuse as described in Boston's earlier filing. Therefore, the reply memorandum and declaration filed by Sand Hollow and Mr. Stubbs contain factual contentions that lack any evidentiary support. Should you continue to stand by the representations made in these filings notwithstanding your opportunity to perform a reasonable inquiry into the relevant facts and circumstances, we will have no choice but to raise these issues with the Court in advance of the May 3, 2024 hearing on movants' Lead Plaintiff motions.

Stubbs Response Decl., Ex. A.

Mr. Stubbs has reviewed the records sent to his attorneys and asks the Court to allow him to supplement the record with his Response Declaration to rebut the ongoing effort by BRS and its counsel to smear his reputation with its ill-conceived effort to attack the adequacy of movant Sand Hollow based on nothing but unofficial, erroneous and self-contradictory data harvested from a number of pay information sites, ***all of which caution that the data is not the official record and may be in error.***

The claim made by BRS that the litigation documents from a lawsuit between Mr. Stubbs and a lawyer in Florida shows that Mr. Stubbs is a "serial liar" is absurd. As Mr. Stubbs attests in his Declaration, he was involved in a lawsuit brought by a lawyer in Florida against him for damages for defamation due to four negative online reviews Mr. Stubbs made about that lawyer. The judge in that civil case held that three of the four reviews published were not defamatory and

that one review was. For the one that was considered to be defamatory the judge found Mr.

Stubbs liable for civil damages in the amount of $3,500 for defamation. The judge noted in his

order that Mr. Stubbs "let [his] anger override [his] better judgement" in his dispute with this

lawyer and his law firm Stubbs Response Decl. ¶ 2.  Mr. Stubbs does not dispute that the record

from that civil matter and acknowledges in his Declaration that it was an instance were he had a

lapse of judgment on his part.  *Id.*  The brazen attempt by movant BRS to parlay a relatively

minor civil action (where three of the four allegations of defamation were dismissed) into an

accusation that Mr. Stubbs is a "serial liar" shows the depths to which BRS and its counsel are

willing to sink to attempt to win a lead plaintiff contest.[2]

The other documents sent by BRS's counsel are background reports from the non-

governmental pay information services such as Westlaw/Thomson Reuters that ***purport*** to show

that Mr. Stubbs was arrested for child abuse. Contrary to the unverified criminal record BRS

filed with the Court on April 22, 2024 (*see* ECF No. 32-3), the Westlaw reports sent with the

BRS Letter contain the following disclaimers:

> The preceding record is for informational purposes only and is not the
> official record. ***This information is not warranted for accuracy or***
> ***completeness***. For copies of the official record, contact the arresting
> agency.

Stubbs Response Decl., Ex. A (emphasis added).

To claim that it appears beyond any reasonable doubt that Jason Stubbs was involved in

some criminal accusation related to child abuse based on documents from Westlaw that Westlaw

---

[2]     *See, e.g., Cook v. Allergn PLC*, No. 18 CIV. 12089 (CM), 2019 WL 1510894, at *2 n.1
(S.D.N.Y. Mar. 21, 2019.  ("Neither of these things has the slightest relevance to the court's lead
plaintiff analysis, except insofar as they demonstrate the depths to which lawyers will descend in
an effort to become lead counsel in a PSLRA case.").

itself makes no claim as to its accuracy is at best irresponsible.  To date, BRS has not submitted any copies of official records regarding this supposed charge against Mr. Stubbs.

Mr. Stubbs has also identified additional inconsistencies with these "records." First, he reviewed two of the Westlaw "Arrest Records" that contain pictures of Mr. Stubbs. Mr. Stubbs says that pictures appear to be him ***when he was a minor in high school* and are not mug shots of arrests associated with a child abuse charge.**  Stubbs Response Decl. ¶ 6.

Also, Westlaw has associated these two different pictures with two separate purported arrests or "bookings", one in November 17, 2004 and one on October 26, 2005 with no explanation. *Id.* ¶ 7. Further, the booking dates appear to conflict with the information in the Westlaw "Department of Corrections Record" BRS originally submitted with its opposition papers (ECF No. 32-3), which purports to show a sentencing date imposed on June 2, 2005, which is five months before the supposed October 26, 2005, arrest. In other words, these supposed arrest records that BRS and its lawyers claim confirm without a doubt that Mr. Stubbs was arrested for child abuse appear to be a hodgepodge of data bits gleaned from massive public databases and processed by AI.  *Id.* ¶ 8.

 Mr. Stubbs continues to maintain his innocence from this libelous claim being made by BRS and its attorneys. This ongoing effort by BRS and its attorney to besmirch the reputation of Mr. Stubbs in order to be appointed lead plaintiff in this case should be rejected.  The motion of Sand Hollow to be appointed Lead Plaintiff should be granted.

## CONCLUSION

For the foregoing reasons, Sand Hollow respectfully requests that the Court grant Sand Hollow's Motion to Supplement the Record.

DATED: May 2, 2024                              Respectfully submitted,

*/s/ James M. Wilson, Jr.*
    James M. Wilson, Jr.

**FARUQI & FARUQI, LLP**
James M. Wilson, Jr.
685 Third Avenue, 26th Floor
New York, NY 10017
Phone: (212) 983-9330
Fax: (212) 983-9331
Email: jwilson@faruqilaw.com

Robert W. Killorin (*pro hac vice*
forthcoming)
**FARUQI & FARUQI, LLP**
3565 Piedmont Road NE Building Four
Suite 380
Atlanta, GA 30305
Telephone: 404-847-0617
Facsimile: 404-506-9534
Email:  rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff
Sand Hollow Management, LLC and
[Proposed] Lead Counsel for the putative
Class*