**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WALTER EDWARD LEMM, JR., Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-00903-NRM-JRC |
| Plaintiff, | |
| v. | |
| NEW YORK COMMINUTY BANCORP, INC., THOMAS R. CANGEMI and JOHN J. PINTO, | |
| Defendants. | |
| DALE MISKEY, Individually and on behalf of all others similarly situated, | Case No. 1:24-cv-01118-NRM-JRC |
| Plaintiff, | |
| v. | |
| NEW YORK COMMINUTY BANCORP, INC., THOMAS ROBERT CANGEMI and JOHN J. PINTO, | |
| Defendants. | |

**DECLARATION OF JASON STUBBS**
**PRINCIPAL AND OWNER OF MOVANT SAND HOLLOW MANAGEMENT LLC TO**
**RESPOND TO INFORMATION ABOUT ME BY BOSTON RETIREMENT SYSTEM**

I, Jason Stubbs, as principal and owner on behalf of Sand Hollow Management, LLC ("Movant" or "Sand Hollow"), pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I respectfully submit this Declaration to address certain documents and information about me that was provided to my counsel at Faruqi & Faruqi, LLP on Wednesday May 1, 2024, by counsel for competing movant, Boston Retirement System ("BRS").

2.      Today at approximately 1:00 PM ET BRS's law firm provided my attorneys with documents ("the Document Package") concerning, among other things, a private lawsuit brought by a lawyer in Florida against me for damages for defamation due to four negative online reviews I made about that lawyer. The judge in that civil case held that three of the reviews I published were not defamatory and that one review was. The judge found me liable for civil damages to that attorney in the amount of $3,500 for defamation. The judge noted in his order that I "let my anger override my better judgement" in my dispute with this law firm. I do not dispute that, and I acknowledge that it was a lapse of judgment on my part. Although I have not heard from the plaintiff attorney since this judgment regarding the logistics of making the payment or the final interest calculation, I stand ready to pay and will fully comply with the court's judgment and pay the $3,500 that I was ordered to pay.

3.      The other documents in the Document Package are background reports from non-governmental pay-information services such as Westlaw/Thomson Reuters that ***purport*** to show that I was arrested for child abuse. I note at the outset the Westlaw reports contain the following disclaimers:

> The preceding record is for informational purposes only and is not the official record. ***This information is not warranted for accuracy or completeness***. ***For copies of the official record, contact the arresting agency.***

4.  To my knowledge, BRS had not provided any copies of the officials records.

1

DocuSign Envelope ID: 5821A160-F315-4DC6-8BA0-64A0BAA92E60

5.      I believe the disclaimer that accuracy and completeness is not warranted is appropriate because none of the information that source has listed under my name regarding allegations of child abuse is accurate. This information was similar to information that my attorneys and their private investigator had already uncovered and shown to me and I made clear to them that it did not pertain to me.

6.      I have also reviewed the two pictures that are associated with these arrest records in the Document Package and they both appear to be pictures of me *when I was a minor in high school.* In particular recall the spikey hair style in one of the pictures as a hair style I wore in high school.  I don't recall exactly when these pictures were taken, but it appears to me I was in high school at the time they were taken.  They could not possibly be pictures of me taken in connection with an arrest for child abuse because, as I have previously stated, I have never been arrested for child abuse.

7.      Westlaw has associated these two different pictures with two separate purported arrests or "bookings", one in November 17, 2004 and one on October 26, 2005 with no explanation. Again, I was not arrested on either of these dates, or on any other date for child abuse

8.      Further, the booking dates appear to conflict with the information in the Westlaw "Department of Corrections Record" BRS originally submitted with its opposition papers, which purports to show a sentencing date imposed on June 2, 2005, which is five months before the supposed October 26, 2005, arrest. In other words, these supposed arrest records that BRS and its lawyers have downloaded from the internet appear to me to be an unreliable hodgepodge of collections of public data that is not properly indexed and organized and is not accurate.

2

9.     As I have already stated in my earlier declaration in this case, the accusation that I was arrested for child abuse is totally false and slanderous. Nothing that BRS has shown my attorneys today in the Document Package they sent refreshes my recollection or changes my position: I have never been arrested for or otherwise charged with the crime of child abuse.

10.     I understand that my attorneys have informed BRS's counsel that I maintain my innocence from this libelous claim that BRS and its attorneys are publicly making against me and requested that they refrain from continuing to do so. I am very concerned and upset that they continue to make this claim.  They appear to me to be intent to threaten to further harm my reputation in order to bully me into withdrawing my motion to be appointed Lead Plaintiff in this case because of an unfortunate error that is associated with my name in pay-for information services on the internet.  I decline to do so.

11.     I, Jason Stubbs, declare under penalty of perjury that the foregoing is true and correct.

Dated: May 1, 2024

DocuSigned by:

*Jason Stubbs*

437459D61D684C8...

Jason Stubbs

3