SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
————
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
212-735-4132
DIRECT FAX
917-777-4132
EMAIL ADDRESS
SUSAN.SALTZSTEIN@SKADDEN.COM

July 9, 2024

**VIA ECF**

The Honorable Nina R. Morrison
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

The Honorable James R. Cho
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:    *Lemm v. New York Community Bancorp, Inc.*, No. 1:24-cv-00903-NRM-JRC
       **Motion for a Judicial Determination Regarding Related Cases**

Dear Judge Morrison and Magistrate Judge Cho:

We represent Defendant New York Community Bancorp, Inc. ("NYCB"). We write pursuant to Rule 3 of the Rules for the Division of Business to request that this action and seven others pending in this District (collectively, the "Related Cases") be designated as "related," and that the three of them currently pending before other district judges be assigned to this Court. (*See* ECF No. 54.)[1]

A.    **Procedural Background**

*The Federal Securities Actions.* The referenced action, filed on February 6, 2024, is a putative securities class action filed by an alleged purchaser of NYCB stock against NYCB and NYCB's former CEO and CFO. The Complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") based on Defendants' allegedly misleading statements and omissions in certain NYCB securities filings and other public communications between March 1, 2023, and January 30, 2024, related to NYCB's compliance with federal banking regulations, net charge-offs, prospective loan losses, and allowances for credit losses. (*See, e.g.*, ECF No. 1 ¶¶ 1-7.) An

_____

[1] The seven other actions are: *Hauser v. Cangemi*, No. 24-cv-01207 (Morrison, J.); *Pierce v. Cangemi*, No. 24-cv-01408 (Morrison, J.); *Karp v. Cangemi*, No. 24-cv-01421 (Morrison, J.); *Wang v. Cangemi*, No. 24-cv-01422 (Morrison, J.); *Podems v. Cangemi*, No. 24-cv-04080 (DeArcy Hall, J.) ("*Podems I*"); *Cutler v. Cangemi,* No. 24-cv-04078 (Brown, J.); and *Podems v. Cangemi*, No. 24-cv-04226 (Azrack, J.) ("*Podems II*").

Hon. Nina R. Morrison & Hon. James R. Cho
July 9, 2024
Page 2

identical action, *Miskey v. New York Community Bancorp, Inc.*, No. 24-cv-01118 (E.D.N.Y.) (together, the "Federal Securities Actions"), filed on February 13, 2024, was designated as related to this one and consolidated with it.  (*See* ECF No. 9 at 4 ¶ 2.)

*The Federal Derivative Actions.*  On February 15 and 26, 2024, alleged stockholders of NYCB filed four stockholder derivative actions (*Hauser*, *Pierce*, *Karp*, and *Wang*, the "Federal Derivative Actions") alleging claims on behalf of nominal defendant NYCB against current and former officers and directors of NYCB, including the two individual defendants named in the Federal Securities Actions.  Like the Federal Securities Actions, the Federal Derivative Actions allege that NYCB and certain officers and directors made false and misleading public disclosures relating to NYCB's compliance with federal banking regulations, net charge-offs, prospective loan losses, and allowances for credit losses.  (*See, e.g.*, Am. Verified S'holder Deriv. Compl., *Hauser*, ECF No. 20 ¶¶ 1-5 (Apr. 11, 2024).)  The Federal Derivative Actions assert overlapping claims for breach of fiduciary duties, aiding and abetting breaches of fiduciary duties, waste of corporate assets, unjust enrichment, and violations of Section 10(b) of the Exchange Act.  The dockets for *Hauser* and *Karp* show that they have already been designated as related to this action.

Given the common questions of law and fact, on April 2, 2024, the parties in the Federal Derivative Actions filed a stipulation and proposed order to, *inter alia*, consolidate the Federal Derivative Actions and any other action filed in this District "arising out of the same transactions and occurrences and asserting direct and/or derivative state law claims." (Stip. to Consolidate & Stay, *Hauser*, ECF No. 10-1 ¶¶ 2, 11 (Apr. 2, 2024).)  The proposed order is pending approval.

*The Removed Derivative Actions.*  Most recently, on May 7, May 17, and June 10, 2024, three additional stockholder derivative actions were filed in New York Supreme Court, Nassau County.  NYCB removed these actions (*Podems I*, *Cutler*, and *Podems II*, the "Removed Derivative Actions"), identifying them as related to the actions before this Court. (*See, e.g.*, Civ. Cover Sheet, *Cutler*, ECF No. 1-3 § VIII.)  The Removed Derivative Actions are currently assigned to different district judges:  *Podems I* to Judge DeArcy Hall;[2] *Cutler* to Judge Brown; and *Podems II* to Judge Azrack.

The Removed Derivative Actions name the same defendants as do the Federal Derivative Actions, and similarly allege that NYCB and certain current and former officers and directors of NYCB made false and misleading public disclosures relating to NYCB's compliance with federal banking regulations, net charge-offs, prospective loan losses, and allowances for credit losses.  (*See, e.g.*, Compl., *Podems II*, ECF No. 1-1 ¶¶ 1-7 (June 10, 2024).)  And, like the Federal Derivative Actions, the Removed Derivative Actions assert overlapping claims for breach of fiduciary duties, aiding and abetting breaches of fiduciary

---

[2] The plaintiff in *Podems I* requested voluntary dismissal, which is pending approval under Rule 23.1(c) of the Federal Rules of Civil Procedure.  (*See* Notice of Voluntary Dismissal, *Podems I*, ECF No. 13 (June 26, 2024).)

Hon. Nina R. Morrison & Hon. James R. Cho
July 9, 2024
Page 3

duties, waste of corporate assets, and unjust enrichment.

**B.    The Related Cases Are "Related"**

The Related Cases should be designated as "related" because they "arise from the same transactions or events" and "because of the similarity of facts and legal issues."  R. Div. Bus. 3(a); *see also, e.g.*, *Residents & Fams. United to Save Our Adult Homes v. Zucker*, No. 16-CV-1683 (NGG) (RER), 2017 WL 5496277, at *14 (E.D.N.Y. Jan. 24, 2017) (cases "related" because they "involve[d] common parties . . . and common issues").  Assigning the Related Cases to this Court would result in a "substantial saving of judicial resources," R. Div. Bus. 3(b); having four different judges preside over these cases on different schedules would have the opposite effect and, worse, potentially result in inconsistent rulings.

\* \* \* \*

NYCB conferred with the other parties in the Related Cases other than three individual defendants (Hanif Dahya, Leslie Dunn, and Ronald Rosenfeld), who we understand are in the process of retaining counsel.  *See* R. Div. Bus. 3(b).  None of the plaintiffs in *Hauser*, *Pierce*, *Karp*, and *Wang* or the defendants with whom NYCB conferred oppose this motion.  Lead Plaintiff in this action takes no position.

Plaintiff in *Cutler* advised that he believes that *Cutler* should be remanded to state court and is therefore not "related" to the other actions, while plaintiff in *Podems I* and *Podems II* advised that he objects to any case activity until his anticipated motion to remand is decided.  These objections should be rejected.  Cutler and Podems cannot dispute that, if their cases are not remanded, the cases pose factual and legal issues common to the other Related Cases.  And NYCB removed *Cutler* and *Podems* on identical grounds, so even the anticipated remand motions will address identical factual and legal issues.  Even if the anticipated remand motions are the only activity in the Removed Derivative Actions, judicial economy would be best served by having them heard by a single judge familiar with the facts and legal issues common to the Related Cases.

Thus, NYCB respectfully requests a determination that the Related Cases are "related" and that they all be assigned to this Court.  This motion is timely because a majority of the defendants in the Related Cases have yet to be served.

Respectfully submitted,

 */s/ Susan L. Saltzstein*

Susan L. Saltzstein

cc:    All counsel of record via ECF