**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| WALTER EDWARD LEMM, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>NEW YORK COMMINUTY BANCORP, INC., THOMAS R. CANGEMI and JOHN J. PINTO,<br><br>    Defendants. | Case No. 1:24-cv-00903-NRM-JRC |

**SAND HOLLOW MANAGEMENT, LLC'S**
**MEMORANDUM OF LAW IN**
**SUPPORT OF ITS MOTION TO STAY**

Sand Hollow Management, LLC ("Sand Hollow") respectfully submits this memorandum of law for entry of an Order: (1) staying this case pending decision on the outstanding motion for reconsideration of the Court's May 7, 2024 lead plaintiff order (ECF No. 44) ("May 7 Order"); and (2) granting such other and further relief as the Court may deem just and proper. For the reasons set forth below, this Court should stay this case pending decision on the motion for reconsideration of the Court's May 7 Order.

## I.    INTRODUCTION

This is a putative class action seeking to adjudicate the claims of purchasers of New York Community Bancorp, Inc. ("NYCB" or the "Company" together with Thomas Robert Cangemi and John J. Pinto, the "Defendants") securities who were harmed by Defendants' securities fraud. The Court should stay this action until the pending motion for reconsideration of the May 7 Order is resolved in order to avoid: (i) wasting Defendants' finite resources litigating the sufficiency of an amended complaint filed by a plaintiff that is not the proper lead plaintiff; and (ii) prejudicing Sand Hollow, the correct lead plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA").

Before this case can move forward, its leadership must be resolved. That issue in in dispute. Sand Hollow has sought reconsideration of the May 7 Order appointing Boston Retirement System ("BRS") Lead Plaintiff and approving BRS's selection of Labaton Keller Sucharow LLP as Lead Counsel. *See* ECF No. 46. Sand Hollow, not BRS, has by far the largest financial interest in this case and is more than adequate to be appointed lead plaintiff.  That important unresolved issue should be mooted by Boston Retirement System's move to file an amended complaint *before* the Court has considered and issued a scheduling order.

Had the Court fully considered Sand Hollow's motion for lead plaintiff, and taken into account all of  the arguments that support Sand Hollow's appointment, which it appears was not

1

done, Sand Hollow believes that the Court would have reached a different conclusion as to which party should serve as lead plaintiff Accordingly, reconsideration is warranted in the interest of justice and as required by the PSLRA., This Court should stay this Action until it rules on the motion for reconsideration and appoints Sand Hollow lead plaintiff.

If a stay is not granted, the parties will soon begin expending resources litigating the sufficiency of the amended complaint filed by BRS on September 25, 2024 (ECF No. 69) pursuant to a proposed schedule that this Court never signed off on and with the issue of who should be appointed lead plaintiff unresolved. Given the size of the losses in this case, Defendants' resources to satisfy a judgment should be conserved, not wasted on a meaningless motion to dismiss.

Accordingly, the Court should grant Sand Hollow's Motion in full.

## II.    ARGUMENT

### A.    Standard

District courts have broad discretion to stay proceedings as incident to the power to control their own docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991). "The factors usually applied by courts in this Circuit when deciding a motion to stay a civil action are: '(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.'" *United States v. Town of Oyster Bay*, 66 F. Supp. 3d 285, 289 (E.D.N.Y. 2014) (quoting *Trikona Advisors Ltd. v. Kai-Lin Chuang*, No. 12-CV-3886 (JW), 2013 WL 1182960, at *3 (E.D.N.Y. Mar. 20, 2013)).

**B.    A Stay is Warranted Here**

Sand Hollow and the putative Class will suffer hardship and inequity if a stay is not issued. As set forth in its reconsideration motion papers, BRS is not the proper lead plaintiff; the PSLRA requires that it be set aside in favor of Sand Hollow. Therefore, every dollar spent by the parties in litigation with respect to BRS's amended complaint is a wasted dollar. In addition to being a waste, litigation of BRS's amended complaint may prejudice the putative Class that BRS purports to represent because Defendants have may have a finite pool of insurance and other resources available to satisfy a judgment that may range into the hundreds of millions of dollars. All members of the Class, including Sand Hollow, have an interest in preserving these resources until the correct lead plaintiff is designated. Indeed, avoidance of waste is a common ground for a stay. *See Softview Comput. Prods. Corp. v. Haworth, Inc.*, No. 97 CIV. 8815 KMW HBP, 2000 WL 1134471, at *3 (S.D.N.Y. Aug. 10, 2000) ("stay will maximize the likelihood that neither the Court nor the parties expend their assets"). Further, as the correct PSLRA lead plaintiff, Sand Hollow will be prejudiced if the litigation is permitted to proceed now. The lead plaintiff designated pursuant to the PSLRA's strict selection process has the right to present this case to the Court in the way it deems most beneficial to itself and the Class. *See, e.g., In re Bank of Am. Corp. Sec., Deriv. & Emp. Ret. Income Sec. Act (ERISA) Litig.*, No. 09 MDL 2058(DC), 2010 WL 1438980, at *2 (S.D.N.Y. Apr. 9, 2010) ("a [PSLRA] lead plaintiff is empowered to control the management of the litigation as a whole, and it is within the lead plaintiff's authority to decide what claims to assert on behalf of the class") (citing *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 n.13 (2d Cir. 2004)).

Here, that movant is Sand Hollow, not BRS. But if the Court were to consider BRS's amended complaint and find it lacking, Sand Hollow will no longer have a "clean slate" to fulfill the role accorded to it by statute.

3

For these reasons, the *Landis* factors listed above weigh heavily in favor of a stay. Factor one, BRS's own interest in moving forward, has *de minimis* weight because this is a class action advancing the claims of thousands of investors, not just its own individual claims. Moreover, this stay is likely to be fairly short in time, as the reconsideration decision is in the province of this Court. *See Wing Shing Prods. (BVI) Ltd. v. Simatelex Manufactory Co., Ltd.*, No. 01Civ.1044 (RJH)(HBP), 2005 WL 912184, at *2 (S.D.N.Y. Apr. 19, 2005) (finding that a stay that is not of "indefinite duration" militates against a finding of prejudice against the party opposing the stay). Factors two and four weigh in favor of a stay because Defendants and the putative Class have an interest in preserving resources until the proper lead plaintiff is designated. Factor three weighs in favor of a stay because there is no reason for the Court to expend time on meaningless litigation. Furthermore, if a stay is not granted, Sand Hollow will be forced to immediately seek relief at the Second Circuit with respect to the Court's lead plaintiff decision in order to halt the waste of resources as soon as possible, but a stay allows Sand Hollow to avoid burdening the Second Circuit.[1] Factor five, the public interest, weighs in favor of a stay because the PSLRA expresses Congress's view as to how securities litigation should be organized. Accordingly, the public has an interest in resolving the organization of securities class actions in a manner consistent with the PSLRA before litigation proceeds further.

## III.   CONCLUSION

For the foregoing reasons, Sand Hollow respectfully requests that the Court stay this case pending decision on the lead plaintiff reconsideration motion.

Dated: September 26, 2024                                Respectfully submitted,

                                                    **FARUQI & FARUQI, LLP**

---

[1]      *See In re Cavanaugh*, 306 F.3d 726, 731-32, 739 (9th Cir. 2002) (granting *writ of mandamus* where a district court's lead plaintiff decision "depart[ed]" from the process set forth in the PSLRA).

4

By:    */s/ James M. Wilson, Jr.*
James M. Wilson, Jr.

James M. Wilson, Jr.
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:  jwilson@faruqilaw.com

Robert W. Killorin (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
3565 Piedmont Road NE Building Four
Suite 380
Atlanta, GA 30305
Telephone: 404-847-0617
Facsimile: 404-506-9534
Email:  rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff Sand Hollow Management, LLC and [Proposed] Lead Counsel for the putative Class*

5