**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WALTER EDWARD LEMM, JR., Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> NEW YORK COMMUNITY BANCORP, INC., THOMAS R. CANGEMI, and JOHN J. PINTO, <br><br> Defendants. | No. 24-cv-00903-NRM-JRC <br><br> <u>CLASS ACTION</u> <br><br> <u>JURY TRIAL DEMANDED</u> |

**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO**
**<u>SAND HOLLOW MANAGEMENT, LLC'S MOTION TO STAY</u>**

**Date of Service: October 10, 2024**

## TABLE OF CONTENTS

I.      PROCEDURAL HISTORY.................................................................................................. 1

        A.      BRS Is Appointed Lead Plaintiff.......................................................................... 1

        B.      Sand Hollow Files a Motion To Reconsider the May 7 Order ............................... 2

        C.      BRS and Defendants Have Proposed a Schedule That Pauses Any Motion
                to Dismiss Until After the Reconsideration Motion Is Decided............................ 3

II.     ARGUMENT.................................................................................................................... 4

        A.      Sand Hollow's Motion To Stay Should Be Denied As Moot Because It
                Seeks Relief Already Agreed to by BRS and Defendants ...................................... 4

        B.      The Formal Stay Requested By Sand Hollow Is Not Warranted............................ 4

III.    CONCLUSION.................................................................................................................. 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Batter v. Hecla Mining Co.*,
  2021 WL 516546 (S.D.N.Y. Feb. 11, 2021)................................................................2

*Gutierrez v. Carter's Inc.*,
  2023 WL 7337184 (E.D.N.Y. Nov. 7, 2023)..............................................................5

*Malancea v. MZL Home Care Agency LLC*,
  2020 WL 9814091 (E.D.N.Y. Nov. 10, 2020)........................................................5, 7

*Mehedi v. View, Inc.*,
  2022 WL 1082010 (N.D. Cal. Apr. 11, 2022) ...........................................................7

*Peters v. Jinkosolar Holding Co.*,
  2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) .............................................................2

*Pozo v. BlueMercury, Inc.*,
  2023 WL 4980217 (S.D.N.Y. Aug. 3, 2023)..............................................................6

*Schaffer v. Horizon Pharma Plc*,
  2016 WL 3566238 (S.D.N.Y. June 27, 2016) ...........................................................7

*In re Sesen Bio, Inc. Sec. Litig.*,
  2022 WL 3996712 (S.D.N.Y. Sept. 1, 2022).............................................................2

*United States v. Shapiro*,
  2021 WL 5304056 (E.D.N.Y. Nov. 15, 2021)...........................................................5

*United States v. Town of Oyster Bay*,
  66 F. Supp. 3d. 285 (E.D.N.Y. 2014) ....................................................................5, 6

*Wing Shing Prods. (BVI) Ltd. v. Simatelex Manufactory Co., Ltd.*,
  2005 WL 912184 (S.D.N.Y. Apr. 19, 2005)..............................................................5

Court-appointed Lead Plaintiff Boston Retirement System ("BRS" or "Lead Plaintiff") submits this memorandum of law in response to Sand Hollow Management, LLC's ("Sand Hollow") Motion to Stay (ECF Nos. 70-71, the "Stay Motion"). Sand Hollow's Stay Motion should be denied for two reasons: (1) the Stay Motion is unnecessary (and therefore moot) because BRS and Defendants have already agreed to, and proposed, the relief being sought by Sand Hollow as reflected in the September 9, 2024 Stipulation and Modified [Proposed] Scheduling Order (ECF No. 66) (the "September 9 Stipulation"); and (2) Sand Hollow has failed to establish a clear case of hardship or inequity sufficient to justify the requested formal stay of proceedings.

## I.      PROCEDURAL HISTORY

### A.      BRS Is Appointed Lead Plaintiff

This securities class action commenced on February 6, 2024. In accordance with the provisions of the Private Securities Litigation Reform Act (the "PSLRA"), motions to consolidate the two related actions and appoint lead plaintiff and lead counsel were timely filed on April 8, 2024. Ultimately, two movants vied for appointment: BRS and Sand Hollow. On May 7, 2024, after reviewing the briefs and materials submitted by BRS and Sand Hollow (ECF Nos. 13, 13-1, 20-21), and after presiding over a May 3, 2024 hearing on those competing motions, Magistrate Judge Cho issued a well-reasoned, sixteen-page opinion finding that BRS had "successfully rebut[ted] the presumption of Sand Hollow's adequacy" by demonstrating "proof of a risk of unique defenses" posed by Sand Hollow. ECF No. 44 at 14 (the "May 7 Order"). The Court also correctly noted "a countervailing Congressional preference for institutional investors like Boston Retirement" and further concluded that BRS "readily satisfies the preliminary Rule 23 analysis" demonstrating its adequacy and typicality. *Id.* at 14-15. The Court therefore granted BRS' motion to consolidate the action, appointed BRS as Lead Plaintiff and Labaton Keller Sucharow as Lead Counsel. *Id.* at 15.

**B.      Sand Hollow Files a Motion To Reconsider the May 7 Order**

On May 20, 2024, Sand Hollow filed a motion for reconsideration of the May 7 Order (ECF Nos. 46-47, the "Reconsideration Motion").    On June 3, 2024, BRS opposed the Reconsideration Motion on the grounds that it "amounts to nothing more than a rehash of the same facts and arguments this Court carefully considered and rejected in the May 7 Order."  ECF No. 52 at 2.  The Reconsideration Motion was fully briefed on June 10, 2024.  At no point prior to September 26, 2024, did Sand Hollow seek any stay of proceedings.

As explained in BRS' opposition to the Reconsideration Motion, Sand Hollow fails to meet the standard for reconsideration in this Circuit.  "A motion for reconsideration is 'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"  *In re Sesen Bio, Inc. Sec. Litig.*, 2022 WL 3996712, at *1 (S.D.N.Y. Sept. 1, 2022).  In order to justify this extraordinary remedy, Sand Hollow is required to show: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or to prevent manifest injustice.  *See id.*  Sand Hollow failed to provide evidence of any of these factors and therefore presented no valid ground for reconsideration.  *See* ECF No. 52 at 2-5.

As also explained in BRS' opposition to the Reconsideration Motion, the May 7 Order conforms to the requirements of the PSLRA and relevant precedent, BRS is the appropriate Lead Plaintiff here, and Sand Hollow's contention that the Court "overlooked the statute, the case law, and the complaints' allegations," in making its Lead Plaintiff appointment (ECF No. 47 at 4) is false.  *See* ECF No. 52 at 5-12.  *See also Peters v. Jinkosolar Holding Co.*, 2012 WL 946875, at *11 (S.D.N.Y. Mar. 19, 2012) (rejecting motion to reconsider a decision which was "consistent with the PSLRA, as it has been interpreted"); *Batter v. Hecla Mining Co.*, 2021 WL 516546, at *1 (S.D.N.Y. Feb. 11, 2021) ("[A] motion for reconsideration is 'not a vehicle for relitigating old

2

issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'").

### C. BRS and Defendants Have Proposed a Schedule That Pauses Any Motion to Dismiss Until After the Reconsideration Motion Is Decided

BRS, in fulfillment of its fiduciary obligations to the proposed class and in accordance with the Court's March 12, 2024 Order (ECF No. 9), conferred with Defendants and on May 28, 2024, filed a proposed stipulated schedule with the Court setting forth dates for the filing of an amended complaint and Defendants' responses thereto (ECF No. 51). BRS and Defendants modified that proposed schedule, as reflected in the September 9 Stipulation. According to the clear terms of the September 9 Stipulation, the BRS and Defendants agreed that: (a) BRS would file an amended complaint on September 25, 2024; (b) "*[w]ithin 30 days after the later of (i) the filing of the Amended Complaint and (ii) the resolution of any motion for reconsideration of or objection to the Lead Plaintiff Order, including resolution of the pending Reconsideration Motion by this Court*, Defendants shall answer the Amended Complaint or file a letter motion requesting a pre-motion conference if Defendants intend to seek to move to dismiss or otherwise respond to the Amended Complaint;" and (iii) to the extent permitted by the Court, BRS and Defendants proposed a briefing schedule in the event that Defendants move to dismiss the amended complaint following the pre-motion conference procedures. September 9 Stipulation at 4 (emphasis added). Therefore, by its explicit terms, BRS and Defendants agreed that following the filing of an amended complaint, no further motion practice would proceed until the Reconsideration Motion was decided.

On September 25, 2024, Lead Plaintiff filed its Amended Complaint. *See* ECF No. 69. Pursuant to the September 9 Stipulation, and as confirmed by all Defendants in a joint letter filed

3

with the Court on October 3, 2024 (ECF No. 72), Defendants will file their letters requesting a pre-motion conference within 30 days *after the Court's decision on the Reconsideration Motion*.

On September 26, 2024, less than 24 hours after the Amended Complaint was filed, Sand Hollow filed the present Motion seeking the exact relief already provided for in the September 9 Stipulation.

## II.    ARGUMENT

### A.    Sand Hollow's Motion To Stay Should Be Denied As Moot Because It Seeks Relief Already Agreed to by BRS and Defendants

Pursuant to the September 9 Stipulation, Defendants will file their letters requesting a pre-motion conference within 30 days after the Court's decision on the Reconsideration Motion. Thus, the case is already effectively stayed until the Court decides the Reconsideration Motion—the exact relief Sand Hollow seeks. Stay Motion at 4. The fact that BRS and Defendants have already agreed to stay motion practice until the Reconsideration Motion is denied vitiates Sand Hollow's remaining arguments.

### B.    The Formal Stay Requested By Sand Hollow Is Not Warranted

In any event, to the extent Sand Hollow persists in seeking an unnecessary formal stay of proceedings, or seeks to extend the stay beyond the Court's resolution of the Reconsideration Motion (for instance through any potential misguided mandamus petition), Sand Hollow has not— and cannot—carry its heavy burden to establish the hardship or inequity necessary to justify a formal stay of proceedings. Instead, Sand Hollow's Reconsideration Motion reiterates grievances with the Court's well-reasoned Lead Plaintiff Order and complains of hypothetical hardships not actually present here. Such grievances are no basis for imposing a formal stay.

While Lead Plaintiff and Defendants proposed an effective stay of motion practice pending resolution of the Reconsideration Motion, BRS notes that it is well within the Court's discretion

4

to **decline** a stay here.  Courts in this district have recognized that whether to exercise the power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *United States v. Town of Oyster Bay*, 66 F. Supp. 3d. 285, 293 (E.D.N.Y. 2014) (exercising discretion to deny stay); *Gutierrez v. Carter's Inc.*, 2023 WL 7337184, at *5 (E.D.N.Y. Nov. 7, 2023) (same).  Moreover, courts in this District have recognized that "district judges must 'protect the members of a class in class action litigation from lawyers for the class who may, in derogation of their professional and fiduciary obligations, place their pecuniary self-interest ahead of that of the class,'" as Sand Hollow has done here.  *Malancea v. MZL Home Care Agency LLC*, 2020 WL 9814091, at *11 (E.D.N.Y. Nov. 10, 2020), *report and recommendation adopted*, 2021 WL 5629200 (E.D.N.Y. Dec. 1, 2021).

The standards for imposing a formal stay of proceedings are clear and substantial.  "On a motion to stay, it is the moving party's burden to establish a clear case of hardship or inequity in being required to go forward."  *Oyster Bay*, 66 F. Supp. 3d at 289 (quotation marks and citations omitted).  When deciding a motion to stay, courts typically consider: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."  *Id.*  It is the moving party's burden to "make out a clear case of hardship or inequity if the case is not stayed."  *United States v. Shapiro*, 2021 WL 5304056, at *1 (E.D.N.Y. Nov. 15, 2021); *see also Wing Shing Prods. (BVI) Ltd. v. Simatelex Manufactory Co., Ltd.*, 2005 WL 912184, at *1-2 (S.D.N.Y. Apr. 19, 2005) ("At all points during this process, the proponent of a stay bears the burden of establishing its need.") (quotation marks and citations omitted).

Although not thoughtfully argued in Sand Hollow's motion, the relevant factors undermine Sand Hollow's purported interest in a stay. First, as explained above, BRS and Defendants have already agreed not to expend further resources until the Court resolves the Reconsideration Motion, obviating any conceivable burden on Defendants. Therefore, contrary to Sand Hollow's argument (Stay Motion at 3), there is no risk of prejudice or "waste" with respect to BRS' Amended Complaint, as there will be no impact on available resources or insurance coverage until after the Reconsideration Motion is decided. Moreover, because the outcome of the Reconsideration Motion is not dispositive, Sand Hollow's "interest in a stay pending that decision is considerably weaker." *Oyster Bay*, 66 F. Supp. 3d at 292 (concluding that "any expenses incurred with proceeding with the litigation on schedule would not be a waste" where claim remains viable after a decision is rendered). To the contrary, staying the case would "merely delay litigation and likely result in greater inefficiencies to the Court and litigants." *Id*. (citing *Laumann v. Nat'l Hockey League*, 2013 WL 837640, at *3 (S.D.N.Y. Mar. 6, 2013)).

Further, Sand Hollow's request for a stay is based on, at best, an extremely unlikely and speculative outcome—that this Court would reconsider and overturn its own well-reasoned opinion appointing BRS as Lead Plaintiff. In fact, courts have rejected requests for a stay where the moving party's interest is "more in the nature of hoping to complete a Hail Mary pass," as opposed to grounded in legitimate bases for a stay. *Pozo v. BlueMercury, Inc.*, 2023 WL 4980217, at *6-7 (S.D.N.Y. Aug. 3, 2023). Sand Hollow's conclusory assertion that it will be prejudiced if litigation is permitted to proceed fails to not only identify ***how*** they would be prejudiced, but how a stay resolves that prejudice, especially because BRS has already filed its Amended Complaint. Stay Motion at 3 (suggesting prejudice where "[t]he lead plaintiff designated pursuant to the

6

PSLRA's strict selection process has the right to present this case to the Court in the way it deems most beneficial to itself and the Class").

Finally, it is notable that Sand Hollow waited to file its Stay Motion ***after*** BRS filed its Amended Complaint and not when the Reconsideration Motion was filed, months earlier. Indeed, Sand Hollow's delay tactics further weigh against a stay. *See Malancea*, 2020 WL 9814091, at *8 (denying motion to stay and finding if the moving party was "serious about conserving resources, it would have filed its stay motion earlier"). Sand Hollow's strategy is a transparent attempt to benefit from Lead Plaintiff's diligence on the Amended Complaint and subvert the prosecution of this action by the Lead Plaintiff appointed by the Court. This delay not only exemplifies why a stay is not warranted, but also why BRS remains the most adequate Lead Plaintiff.[1]

## III.   CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully request that the Court deny Sand Hollow's Stay Motion.

---

[1] Any threat to extend a stay following a denial of the Reconsideration Motion rings hollow and should be preemptively foreclosed. *See Mehedi v. View, Inc.*, 2022 WL 1082010, at *3 (N.D. Cal. Apr. 11, 2022) (denying stay pending mandamus petition and recognizing "negligible likelihood that [the] mandamus petition is granted"); *see also Schaffer v. Horizon Pharma Plc*, 2016 WL 3566238, at *4 (S.D.N.Y. June 27, 2016) (movant's request for a stay to accommodate appeal to Second Circuit "borders on frivolous" as "orders appointing a lead plaintiff under the PSLRA are not immediately appealable").

DATED: October 9, 2024

Respectfully submitted,

*/s/ Lauren A. Ormsbee*
**LABATON KELLER SUCHAROW LLP**
Lauren A. Ormsbee
Lisa Strejlau
Charles J. Stiene
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
lormsbee@labaton.com
lstrejlau@labaton.com
cstiene@labaton.com

*Counsel for Lead Plaintiff and Lead*
*Counsel for the Proposed Class*

8