# EXHIBIT B



By **November 9, 2023**, any interested party may submit a letter proposing procedures and a form of order to reopen the lead plaintiff appointment process. So Ordered.

Dated: November 3, 2023
   New York. New York

L. G. S.

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

October 26, 2023

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Gru v. Axsome Therapeutics, Inc., et al.,* No. 1:22-cv-03925 (LGS)

Dear Judge Schofield:

We represent Mr. Paul Berger, who purchased 1,500 shares of Axsome Therapeutics, Inc. ("AXSM") common stock after May 10, 2021 and still held those shares on April 25, 2022, when the AXSM fraud was allegedly revealed to the public, and the stock dropped considerably. This letter concerns the correspondence submitted on October 13, 2023 (the "Responsive Letter") by the present Co-Lead Counsel, reporting that the sole remaining Lead Plaintiff, Mr. Evy Gru, wishes to withdraw from this case due to a lack of standing, and seeking (through repleading) to effect his replacement with two new Co-Lead Plaintiffs. These potential new Co-Lead Plaintiffs are Mr. Daniel Engel, who purchased 200 shares during a proposed considerably shortened Class Period (May 10, 2021 through April 22, 2022), and Mr. Paul Sutherland, who purchased 50 shares during that period. As noted, Mr. Berger's purchases were also made during that period.

The Responsive Letter was submitted to address this Court's September 25, 2023 Opinion and Order in which Plaintiff Gru was found to lack the ability to plead loss causation, and his First Amended Complaint ("FAC") was deemed to suffer from other infirmities. Although the FAC Class Period was alleged to begin in 2019, this opening date was called into question by the Court as "the Complaint suggests that serious manufacturing problems had not emerged or were not yet understood until the second quarter of 2021." *Gru v. Axsome Therapeutics, Inc.,* 2023 U.S. Dist. LEXIS 170423, at *16 (S.D.N.Y. Sep. 25, 2023). As to Lead Plaintiff Gru's damages allegations, the Court did not accept that Plaintiff Gru may have suffered damages due to an asserted partial disclosure on November 5, 2020, ruling that: "The Complaint does not support the inference that, by November 5, 2020, there were significant manufacturing issues or that Defendants were aware of any." *Id.* at *15. Finally, as Plaintiff Gru sold all of his AXSM shares before April 25, 2022, when the fraud was revealed, his damages claims were deemed deficient for that reason as well.

1

*Id.* at \*10-11 ("Gru, the only remaining Plaintiff, sold all of his Axsome securities before any corrective disclosure of the alleged fraud. He therefore sold his shares at a price still inflated by the fraud and suffered no loss as a result of the fraud.").

While the Court suggested it might permit repleading, it naturally did not address what the replacement procedure might be if, in connection with any requested repleading, the only remaining PSLRA-appointed Lead Plaintiff, Mr. Gru, determined he could not continue. There is no PSLRA provision which authorizes Co-Lead Counsel simply to select new Co-Lead Plaintiffs. In a PSLRA case, a Lead Plaintiff must be judicially evaluated and *court-appointed.* The Lead Plaintiff generally will be the stockholder applicant with the "largest financial interest" in the litigation. Ordinarily, motions for a Lead Plaintiff appointment will be considered within a certain amount of time after a "PSLRA Notice" is disseminated to potential Class members, which is usually accomplished by means of a press release. On occasion, lead plaintiff groups are permitted. Finally, a Lead Plaintiff movant is not required to have previously filed a complaint. *May v. Barclays PLC*, No. 23-cv-2583 (LJL), 2023 U.S. Dist. LEXIS 162416, at \*19-20 (S.D.N.Y. Sep. 13, 2023).

Given Mr. Gru's inability to continue as the sole Lead Plaintiff, and the considerable confusion up until recently as to when the fraud began and when it was revealed, precedent counsels that a new notice to the Class should be ordered, to allow the Lead Plaintiff selection process to begin afresh. In this regard, we note that: (1) the PSLRA notice to the Class issued by the Pomerantz firm (one of the current Co-Lead Counsel) on May 30, 2022 and the FAC had a much longer Class Period than is currently proposed (28 months versus the newly suggested 11 months); (2) the May 30, 2022 press release reported to the public incorrectly that the fraud was partially revealed on November 5, 2020; and (3) Plaintiff Gru's application for appointment relied heavily on November 5, 2020 being the date the fraud was at least partly revealed. *See* Gru Lead Motion, Dkt. # 13, July 12, 2022, at p. 3.

Class members like Mr. Berger could easily have been dissuaded from applying for Lead Plaintiff status in these circumstances. First, with the Class Period allegedly beginning in 2019, at a time when AXSM shares were trading as high as $100-110 per share, persons who bought in the latter half of what turned out to be an inaccurately pled Class Period (as did Mr. Berger) may have concluded that their damages would pale in comparison to those of early "Class Period" purchasers. Thus, the unduly long Class Period alleged, which turned out to be erroneous, would have had a chilling effect on applications. Second, potential applicants may have felt they could not apply successfully if they bought after the fraud was already partially revealed, a date the notice stated was *November 5, 2020.* This, too, has turned out to be incorrect, and the failure of this allegation renders the present case very different from that originally pled. Alleging a partial disclosure which later is rejected can certainly have a chilling effect on applications by purported "post-disclosure" purchasers such as Mr. Berger, whose purchases once seemed to have followed a partial disclosure, but now have been established not to have been "post-disclosure" at all. Third, the proposed Second Amended Complaint has allegations that appeared nowhere in the initial pleadings. These enhanced allegations (which are described in detail in the Responsive Letter and reflected in its exhibits) also suggest that the PSLRA process must be reopened. *Cf. Fort Worth Emples. Ret. Fund v. J.P. Morgan Chase & Co.*, 862 F. Supp. 2d 322, 328 (S.D.N.Y. 2012)(ordering in similar circumstances involving standing issues that any new applicant may

move "to be appointed lead plaintiff within 30 days of the withdrawal of the previous lead plaintiff."); *Sayce v. Forescout Techs., Inc.,* No. 20-cv-00076-SI, 2020 U.S. Dist. LEXIS 129646, at *18 (N.D. Cal. July 22, 2020)("the Amended Complaint changes the contours of the lawsuit sufficiently to warrant republication of the PSLRA notice."). *See also, Mullur v. QuantumScape Corp. (In re QuantumScape Sec. Class Action Litig.),* No. 3:21-cv-00058-WHO, 2021 U.S. Dist. LEXIS 97785, at *12 (N.D. Cal. May 18, 2021)("when the lead plaintiff is *removed*…the appointment-process will have to be reopened no matter what.")(emphasis in original).

There is also a judicial aversion to permitting existing Lead Counsel to self-select replacement Lead Plaintiffs. The seminal case is *In re Neopharm, Inc. Sec. Litig.,* No. 02 C 2976, 2004 U.S. Dist. LEXIS 5814, at *5, *8-9 (N.D. Ill. Apr. 7, 2004), wherein the Court observed in a situation similar to this one:

> Milberg Weiss has apparently deemed itself fit to choose whom it believes should be the most adequate plaintiff after Larson's withdrawal….That approach, however, simply assumes that Milberg Weiss' choice of lead plaintiff is the most adequate plaintiff. The better approach is to grant Larson's motion for withdrawal as lead plaintiff *and allow for any prospective lead plaintiffs to make a motion for appointment.* (Emphasis added).

In so ruling, the Court noted that: "merely accepting counsel's suggestion with input from no other potential lead plaintiff is contrary to the PSLRA." *Id.* at *9. *Neopharm* was followed in *In re Snap, Inc. Secs. Litig.,* 2:17-cv-03679-SVW-AGR, Order, Dkt #208, at pp. 3-4 (C.D. Cal. Jan. 19, 2019), with the Court permitting any applicant 21 days to make a motion for appointment after the withdrawal of the Lead Plaintiff. Judge Wilson stated:

> a Lead Plaintiff's (or Lead Counsel's) selection of a successor Lead Plaintiff without court input is contrary to the PSLRA; ….The withdrawals of DiBiase and Steinberg mean that the putative class lacks both any Named Plaintiffs and also (and more importantly) a Lead Plaintiff. Based on its interpretation of the PSLRA, the Court believes that it must apply the guidelines of the PSLRA in appointing a new Lead Plaintiff…Reopening the Lead Plaintiff process will "permit[] this [C]ourt to make a reasoned analysis under the PSLRA rather than to summarily accept the submissions provided by [L]ead [C]ounsel for the former [L]ead [P]laintiff…

Given the PSLRA's requirements as to meaningful notice to the Class, and a fair application process open to all (especially where there are changed circumstances and prior confusing allegations), we respectfully request that this Court permit a motion to reopen the Lead Plaintiff selection process, and briefing on the procedures to select a new Lead Plaintiff or Lead Plaintiff Group. Such procedures, based on precedent, might include a new press release notice to the prospective Class. That new press release could: (1) explain the current state of the litigation; (2) set forth the new Class Period; (3) detail the procedure for applying for the position of Lead Plaintiff (and the requirements that would need to be met); and, finally, (4) establish a fresh deadline for applications. *Cf. In re Stec, Inc. Sec. Litig.,* No. SACV 09-01304-JVS (MLGx), 2010 U.S. Dist. LEXIS 166024 (C.D. Cal. Mar. 26, 2010)(ordering re-notification).

.

Respectfully submitted,

*/s/ Laurence D. Paskowitz*
Laurence D. Paskowitz (LP-7324)
**PASKOWITZ LAW FIRM P.C.**
97-45 Queens Boulevard
Suite 1202
Rego Park, NY 11374
Telephone: (212) 685-0969
Email: lpaskowitz@pasklaw.com

Counsel for Class Member Paul Berger

4