# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WALTER EDWARD LEMM, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NEW YORK COMMUNITY BANCORP, INC., THOMAS R. CANGEMI, and JOHN J. PINTO,<br><br>Defendants. | No. 24-cv-00903-NRM-JRC<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**DECLARATION OF JEFFREY M. GILL IN SUPPORT OF LEAD PLAINTIFF'S RESPONSE TO ROBERT GARFIELD'S MOTION TO CONSOLIDATE, VACATE PRIOR LEAD PLAINTIFF AND LEAD COUNSEL APPROVAL ORDER AND REOPENING OF THE PSLRA LEAD PLAINTIFF AND LEAD COUNSEL APPROVAL PROCESS**

I, Jeffrey M. Gill, declare as follows:

1. I am the General Counsel for Indiana Public Retirement System ("Indiana"). As General Counsel, I participate in and oversee decisions regarding the administration of Indiana legal matters. Indiana is a named plaintiff in the Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws filed on behalf of a defined class of damaged investors in New York Community Bancorp, Inc. ("NYCB" or the "Bank," now d/b/a Flagstar Financial, Inc.) by court-appointed Lead Plaintiff Boston Retirement System (ECF No. 69) (the "Amended Consolidated Complaint").

2. I respectfully submit this declaration in support of Lead Plaintiff's Response to Robert Garfield's Motion to Consolidate, Vacate Prior Lead Plaintiff and Lead Counsel Approval Order and Reopening of the PSLRA Lead Plaintiff and Lead Counsel Approval Process (the "Garfield Motion"). I have personal knowledge of the statements herein and, if called upon as a witness, could and would competently testify thereto.

3. As of fiscal year-end 2023, Indiana manages approximately $46.7 billion in assets on behalf of more than 500,000 members and their beneficiaries, representing 1,318 employers including public universities, school corporations, municipalities, and state agencies. Indiana's beneficiaries have the option to participate in defined beneficiary plans, defined contribution plans, and hybrid plans.

4. Indiana's trading in NYCB as reflected in the Certification of Steven R. Russo filed in connection with the Amended Consolidated Complaint (ECF No. 69-1) (the "Indiana Certification") is true and accurate.

5. The Garfield Motion attaches an excerpt from one of Indiana's publicly available Access to Public Records (the "Public Equity APRA Report"). ECF No. 84-4 (Exhibit A to

Declaration of Laurence D. Paskowitz). Based on this excerpt of the Public Equity APRA Report, Garfield claims that the Indiana Certification, which lists out all of Indiana's Class Period trades in NYCB common stock, including those shares of NYCB common stock acquired in the December 1, 2022 Offering described in the Amended Consolidated Complaint, is incorrect. Garfield's claims are untrue.

6. The Public Equity APRA report includes the holdings of certain Indiana accounts and does not reflect Indiana's entire portfolio of securities holdings. A significant portion of Indiana's trades in NYCB common stock during the Class Period and in the Offering were made in an externally-managed account that are not reflected in the APRA report but are properly listed in the Indiana Certification, and that account, as well as the accounts reflected in the Public Equity APRA Report, incurred losses recoverable under the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. and the Securities Act of 1933, 15 U.S.C. § 77a et seq.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 2nd day of January, 2025.

_____
JEFFREY M. GILL