**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WALTER EDWARD LEMM, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>  v.<br><br>NEW YORK COMMUNITY BANCORP, INC., THOMAS R. CANGEMI and JOHN J. PINTO,<br><br>  Defendants. | Case No. 1:24-cv-00903-NRM-JRC |

**SAND HOLLOW MANAGEMENT, LLC'S RESPONSE TO ROBERT GARFIELD'S MOTION TO CONSOLIDATE, VACATE PRIOR LEAD PLAINTIFF AND LEAD COUNSEL APPROVAL ORDER AND ORDER REOPENING OF THE PSRLA LEAD PLAINTIFF AND LEAD COUNSEL APPROVAL PROCESS**

Sand Hollow Management, LLC ("Sand Hollow") respectfully submits this response to Robert Garfield's Motion to Consolidate, Vacate Prior Lead Plaintiff and Lead Counsel Approval Order and Order the Reopening of the PSLRA Lead Plaintiff and Lead Counsel Approval Process ("Garfield Motion"). ECF No. 84.

I.  **PRELIMINARY STATEMENT**

Sand Hollow opposes Garfield's motion to reopen the lead plaintiff process with respect to the claims under Sections 10(b) and recently filed claims under Section 20 of the Securities Exchange Act of 1934 ("Exchange Act"). Garfield seeks to reopen the lead plaintiff process for the Exchange Act class based solely on Boston Retirement System's ("BRS") **proposed** expansion of the class period for those claims in its **proposed amended complaint**. Memorandum of Law in Support of Garfield Motion ("Garfield Brief") 6-7 (ECF No. 84-2). Even if the proposed expanded class period asserted by BRS eventually serves as the operative class period for the Exchange Act claims – which it may not - that proposed expanded class period is only approximately 8 months longer than the original class period that was filed in this case and involves substantially the same issues. As discussed below, an expansion of a class period by this amount of time is not a basis to reissue a PSLRA notice to reopen the lead plaintiff process and cause further delay in the prosecution of class claims under the Exchange Act.[1]

Sand Hollow argued in its Memorandum of Law in Support of Sand Hollow's Motion to Stay ("Sand Hollow Brief") 4 (ECF No. 71), that "[i]f a stay is not granted, the parties will soon begin expending resources litigating the sufficiency of the amended complaint filed by BRS on September 25, 2024 (ECF No. 69) pursuant to a proposed schedule that this Court never signed

---

[1]  Garfield also has no standing to make any arguments on behalf of the Section 10(b) class – he has never previously appeared in this Action and does not allege any Exchange Act claims in his new complaint.

1

off on and with the issue of who should be appointed lead plaintiff unresolved." Sand Hollow Brief 2. That risk has now materialized:  Garfield is attempting to reopen the lead plaintiff process.  Sand Hollow Brief 3-4.

Sand Hollow opposes Garfield's motion to consolidate his Securities Act (aka Section 11) complaint with this Action at this time. Sand Hollow's position is that any new Securities Act cases may be pursued separately by a court-appointed lead plaintiff. If appropriate, the Securities Act case may later be consolidated and then coordinated with this case for the purposes of pre-trial discovery.

## II. GARFIELD'S MOTION TO REOPEN THE LEAD PLAINTIFF PROCESS FOR THE EXCHANGE ACT CLAIMS SHOULD BE DENIED

Garfield's motion to reopen the lead plaintiff process for the **Exchange Act (aka** Section 10(b)) **class** is based solely on an expansion of the class period in the BRS proposed amended complaint. Garfield Brief 6-7.  Garfield's motion is unsupported and should be denied.

The republication of a PSLRA notice to restart the lead plaintiff process generally is disfavored by the courts. The plain text of the PSLRA provides that, where a subsequent action asserts "substantially the same claim or claims . . . only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published . . . ." 15 U.S.C. § 78u–4(a)(3)(A)(ii). Based on this statutory text, courts typically "disfavor republication of notice under PSLRA when a class period is extended beyond the period contained in the first-filed securities class action." *Turner v. ShengdaTech, Inc.*, No. 11 Civ. 1918(TPG), 2011 WL 6110438, at *3 (S.D.N.Y. Dec. 6, 2011); *see also Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, No. 05 Civ. 1898(SAS), 2005 WL 1322721, at *2 (S.D.N.Y. June 1, 2005).

Here, the expanded class period reflected in the unauthorized amended complaint that was filed, even if it becomes the operative class period, does not warrant the republication of the

PSLRA notice and reopening of lead plaintiff process for the Exchange Act claims. Notably, the original class period alleged in the first-filed case *Lemm v. New York Community Bancorp, Inc., et al.*, No. 1:24-cv-00903-NRM-JRC, alleged a class period of March 1, 2023 to January 30, 2024. A second complaint was filed in *Miskey v. New York Community Bancorp, Inc., et al.*, No. 1:24-cv-01118-NRM-JRC, that alleged a longer class period of March 1, 2023 to February 5, 2024. No new PSLRA notices was issued or required to be issued after the filing of the *Miskey* complaint alleging the longer class period. The proposed amended complaint filed by BRS alleges a class period that starts on July 27, 2022, and runs through February 29, 2024, and expansion of the class period by approximately 8 months. *See* ECF No. 69 at 1. Under similar circumstances, courts have refused to compel parties to republish a PSLRA notice to restart the lead plaintiff process. *See In re Spero Therapeutics, Inc. Sec. Litig.*, No. 22-CV-3125 (LDH) (RLM), 2022 WL 4329471, at *5 (E.D.N.Y. Sept. 19, 2022) ("Moreover, the enlargement of the class period by approximately **six months** does not substantially alter the composition of the class and is within the range of enlargements deemed modest by other courts, so as not to necessitate republication of the PSLRA notice." (emphasis added) (citing *Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 WL 880201, at *3-4 (S.D.N.Y. Mar. 7, 2016) (finding that enlargement of class period from approximately **eight months to more than 2 years** in the amended complaint did not substantially alter the class members)); *Turner*, 2011 WL 6110438, at *1-2 (lead plaintiff process not reopened where class period was **expanded by approximately 22 months** and appointing rival movant with largest losses in expanded class period).

       The cases relied on by Garfield in support of republication for the Exchange Act claims are inapposite and do not support restarting lead plaintiff process here. Indeed, those cases

3

involved not only significantly expanded class periods but also materially new and operative allegations and claims that warranted republication under the PSLRA *See* Garfield Brief 7. In *Hachem v. GE Inc.*, No. 17-CV-8457 (JMF), 2018 WL 1779345, at *2 (S.D.N.Y. Apr. 11, 2018), the court held that republication was warranted because the class period was expanded nearly 4.5 years **and** included new claims with respect to GE's business segments). In *Waldman v. Wachovia Corp.*, No. 08 Civ. 2913(SA), 2009 WL 2950362 LEXIS 83597, at *1 (S.D.N.Y. Sep. 14, 2009), the court found that republication was warranted because the beginning of the relevant class period was expanded **and** the definition of what type of holders of the relevant securities was completely changed from complaint to complaint. In *Kaplan v. S.A.C. Capital Advisors, L.P.*, 947 F. Supp. 2d 366, 367 (S.D.N.Y. 2013), the court found republication was warranted where the class period was expanded by **two years** *"*and more significantly*"* the definition of what type of holders of the relevant securities was completely changed from complaint to complaint. Finally, in *Teamsters*, 2005 WL 1322721, at *1-2, republication was warranted where plaintiffs enlarged the class period by eight months *and* added six new classes of securities in the subsequent complaint. Here by contrast, the class period has been proposed to be expanded by only 8 months and the new Securities Act claims have only been proposed by BRS and not operative and binding on class members.

      Garfield's attempt to inject himself into an Section 10(b)/Exchange Act case that has properly adhered to the PSLRA notice provisions and which already has a more than adequate lead plaintiff – Sand Hollow – should be rejected.

**III.**    **GARFIELD'S MOTION TO CONSOLIDATE SHOULD BE DENIED AND HE SHOULD INSTEAD COMMENCE A SEPARATE LEAD PLAINTIFF PROCESS SOLELY FOR THE SECURITIES ACT CLAIMS**

      Sand Hollow opposes Garfield's motion to consolidate his Securities Act claims with this Action at this time. As has been argued by Sand Hollow, BRS presumptuously and

4

impermissibly filed the proposed amended complaint adding new claims prior to this Court's approval of a schedule for such filing and before the resolution of Sand Hollow's Motion for Reconsideration of the appointment of BRS as Lead Plaintiff. ECF Nos. 70 to 71, 74 to 75. Sand Hollow's position is that the Securities Act claims now on file with the Court may be pursued, but in a separate action in which a lead plaintiff is appointed by the Court after notice to the putative class pursuant to the PSLRA. After a lead plaintiff is appointed by the Court to represent shareholders of the Securities Act claims, the cases could be consolidated and/or coordinated for the limited purpose of pre-trial discovery.

## IV. CONCLUSION

For the foregoing reasons, the Garfield Motion should be denied.

Dated: January 2, 2025                                   Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:   */s/ James M. Wilson, Jr.*
        James M. Wilson, Jr.

James M. Wilson, Jr.
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:   jwilson@faruqilaw.com

Robert W. Killorin (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
3565 Piedmont Road NE Building Four
Suite 380
Atlanta, GA 30305
Telephone: 404-847-0617
Facsimile: 404-506-9534
Email:  rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff Sand Hollow Management, LLC and [Proposed] Lead Counsel for the putative Class*

5