

February 24, 2025

**VIA ECF**

Honorable Nina R. Morrison                    Honorable James R. Cho
United States District Judge                  United States Magistrate Judge
Eastern District of New York                  Eastern District of New York
225 Cadman Plaza East                         225 Cadman Plaza East
Brooklyn, NY 11201                            Brooklyn, NY 11201

Re:    ***Lemm v. New York Community Bancorp, Inc.*** **No. 1:24-CV-0903-NRM-JRC**
       **Movant Robert Garfield's Response to Request for a Hearing or**
       **Status Conference**

Dear Judge Morrison and Magistrate Judge Cho:

On behalf of Plaintiff and Movant Robert Garfield ("Movant"), who has asked that the PSLRA Lead Plaintiff and Lead Counsel process be reopened in ECF No. 84, we write in response to the February 21, 2025 request by tentative Lead Plaintiff Boston Retirement System ("BRS") (ECF No. 91) for a hearing or status conference to be held on certain pending stipulations and motions, including ECF No. 84.

While we would welcome a hearing or status conference on Mr. Garfield's Motion, we must bring to the Court's attention that a fair portion of the briefing on that motion has concerned a factual issue: whether in the December 1, 2022 stock-for-stock merger (the "Old Flagstar Merger") by which New York Community Bancorp ("NYCB") acquired Flagstar Bancorp, Inc. ("Old Flagstar"), the stockholders of Old Flagstar received fractional shares, as claimed in a Certification filed on September 25, 2024 (ECF No. 69-1) by putative new "named plaintiff" Indiana Public Retirement System ("IPRS").[1] Citing press releases and SEC filings, Movant Garfield has stated this is impossible and that the IPRS sworn Certification is thus inaccurate in this sense, and in certain other ways. (*See* Movant's Opening Br. at 9, ECF No. 84-2; Movant's Reply Br., ECF No. 87, at 10-11). BRS has insisted otherwise. (*See* ECF No. 85 at 19).

Fortunately, this particular matter can be resolved by defendant Flagstar who, when it was NYCB, effectuated and paid out shares in order to close the Old Flagstar Merger. It has direct personal knowledge of this matter. Thus far, defendant Flagstar has remained silent on this issue. We respectfully submit this factual issue might be resolved if the Court were to direct defendant

---

[1] On October 25, 2024, NYCB changed its name to "Flagstar Financial, Inc."

Honorable Nina R. Morrison
Honorable James R. Cho
February 24, 2025
Page 2

Flagstar, prior to any hearing or status conference to submit a short answer to the question: "Did NYCB issue fractional shares in connection with the December 1, 2022 NYCB-Old Flagstar Merger?" The additional issues discussed in the briefing of ECF No. 84 can otherwise be addressed by BRS and Movant Garfield at any hearing or status conference the Court may order without input from Flagstar.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

**THE PASKOWITZ LAW FIRM P.C.**

*/s/ Laurence D. Paskowitz*
Laurence D. Paskowitz
The Contour
97-45 Queens Boulevard, Ste. 1202
Rego Park, NY 11374
T: 212-685-0969
lpaskowitz@pasklaw.com

**KOMLOSSY LAW P.A.**
Emily Komlossy
3440 Hollywood Boulevard, Ste. 415
Hollywood, FL 33021
T: (954) 842-2021
F: (954) 416-6223
eck@komlossylaw.com

***Counsel for Movant Garfield***