UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER EDWARD LEMM, JR., individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>NEW YORK COMMUNITY BANCORP, INC., THOMAS ROBERT CANGEMI and JOHN J. PINTO,<br><br>　　　　　　　　Defendants. | Master File No. 24-cv-00903-NRM-JRC<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |
| ROBERT GARFIELD, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br><br>FLAGSTAR FINANCIAL, INC. f/k/a NEW YORK COMMUNITY BANCORP, INC., THOMAS R. CANGEMI, JOHN J. PINTO, ROBERT WANN, ALESSANDRO P. DINELLO, DOMINICK CIAMPA, HANIF W. DAHYA, LESLIE D. DUNN, JAMES J. O'DONOVAN, LAWRENCE ROSANO, JR., RONALD A. ROSENFELD, DAVID TREADWELL, and LAWRENCE J. SAVARESE,<br><br>　　　　　　　　Defendants. | No. 24-cv-08655-JAM<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**STIPULATION AND [PROPOSED] ORDER, AS MODIFIED**

1.     WHEREAS, on February 6, 2024, Walter Edward Lemm, Jr. commenced this action and filed an initial complaint captioned *Lemm v. New York Community Bancorp, Inc.*, No. 1:24-cv-00903-NRM-JRC (E.D.N.Y.) (the "Action") and on February 13, 2024, Dale Miskey filed another complaint captioned *Miskey v. New York Community Bancorp, Inc.*, No. 2:24-cv-01118-NRM-JRC (E.D.N.Y.) (the "Miskey Action"), both of which asserted claims under the Exchange Act of 1934;

2.     WHEREAS, on May 7, 2024, the Court appointed Boston Retirement System ("Boston" or "Lead Plaintiff") as Lead Plaintiff and consolidated the Miskey Action into the Action (ECF No. 44, the "May 7 Order");[1]

3.     WHEREAS, on May 20, 2024, Sand Hollow Management, LLC ("Sand Hollow"), filed a motion for reconsideration of the May 7 Order (ECF Nos. 46-47, the "Reconsideration Motion");

4.     WHEREAS, on September 9, 2024, the parties filed a Stipulation and Modified Proposed Scheduling Order (ECF No. 66) stipulating that: (i) Lead Plaintiff file an amended complaint on or before September 25, 2024; (ii) Defendants answer or file a letter motion requesting a pre-motion conference within 30 days of the resolution of any motion for reconsideration of or an objection to the appointment of Lead Plaintiff and Lead Plaintiff's counsel; and (iii) setting a briefing schedule for a motion to dismiss the amended complaint;

5.     WHEREAS, on September 25, 2024, Lead Plaintiff filed an Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws, which, based on Lead Counsel's investigation and additional disclosures and alleged admissions made by Defendants over the course of 2024, expanded the class period, added claims under the

---

[1] Unless otherwise noted, all "ECF" references are to the docket of the first-filed of the various actions at issue, *Lemm, Jr. v. New York Community Bancorp, Inc.*, No. 24-cv-00903 (E.D.N.Y.).

Securities Act of 1933 (the "Securities Act"), and added Indiana Public Retirement System ("Indiana") as an additionally named plaintiff (ECF No. 69, the "Amended Complaint");

6. WHEREAS, on September 26, 2024, Sand Hollow filed a motion to stay the Action pending the Court decision on the Reconsideration Motion (ECF Nos. 70-71, the "Stay Motion");

7. WHEREAS, on December 19, 2024, individual retail investor Robert Garfield simultaneously filed: (1) a complaint alleging Securities Act claims against New York Community Bancorp, Inc. and various former executives and directors based on the identical offering as alleged in the Amended Complaint (the "Garfield Action" and alongside the Action, the "Related Actions");[2] and (2) a Motion to Consolidate, Vacate Prior Lead Plaintiff and Lead Counsel Approval Order and Order Reopening of the PSLRA Lead Plaintiff and Lead Counsel Approval Process (ECF No. 84, the "Garfield Motion");

8. WHEREAS, on March 13, 2025, Leo C. Kujawa ("Kujawa") and Kris Allen Dindoffer ("Dindofer"), two individual investors who had each filed actions in New York State court alleging Securities Act claims based on the identical offering as alleged in the Amended Complaint (alongside Robert Garfield, the "Individual Investors"), filed a Letter in Support of Reopening Lead Plaintiff Process for Securities Act Claims (ECF No. 93);

9. WHEREAS, on March 31, 2025, the Court issued an order denying Sand Hollow's Reconsideration Motion, and as a result, further ordered that Sand Hollow's Stay Motion be denied as moot (ECF No. 98, the "March 31 Order");

10. WHEREAS, the Individual Investors believe that maintaining the leadership of Boston and Indiana in the Action is in the best interests of the Class;

---

[2] *Garfield v. Flagstar Fin., Inc.*, No. 24-cv-08655 (E.D.N.Y. Dec. 19, 2024), ECF No. 1. Mr. Kujawa has joined Garfield by means of amended complaint that was filed in the Garfield Action on April 23, 2025.

11.     WHEREAS, Boston, Indiana, and the Individual Investors believe that the interests of the putative Class in the Related Actions are best served by agreement and cooperation among the parties to resolve the pending Garfield Motion and promote efficient and expedient prosecution of the Related Actions;

12.     WHEREAS, counsel for Boston, Indiana, and the Individual Investors have met-and-conferred on several occasions concerning the status of the Related Actions and the Garfield Motion and, as a result, reached an agreement whereby the Garfield Motion would be withdrawn, the Garfield Action would be consolidated into the Action, and, pursuant to the May 7 Order and the March 31 Order, Boston and its counsel would serve as Lead Plaintiff and Lead Counsel with meaningful support from the Individual Investors and their counsel, with Indiana maintaining its role as an additional named plaintiff;

13.     WHEREAS, Boston, Indiana, and the Individual Investors believe retaining Indiana as an additional named plaintiff and moving for appointment of the Individual Investors as additional Class representatives in any motion for class certification following adjudication of any forthcoming motion to dismiss filed by Defendants in the Action will benefit the Class by allowing institutional investors to collaborate with sophisticated individual investors in overseeing the litigation because each brings unique perspectives and diverse experience while ensuring various Class members are well represented throughout the lawsuit;

14.     WHEREAS, Boston, Indiana, and the Individual Investors believe the Class would be well served by including counsel for the Individual Investors as additional counsel because each law firm has been investigating the allegations in the Related Actions for months, resulting in proprietary findings such as interviews with potential confidential witnesses, and the Class would benefit from aggregating the findings of each investigation and having the law firms operate jointly in litigating the case, and their clients providing input and assistance as the case proceeds;

3

15. WHEREAS, counsel for Defendants have been informed of the contents of this Stipulation and Proposed Order and do not oppose the relief sought. However, Defendants retain the right to challenge the adequacy of any potential class representative at the class certification stage.

IT IS HEREBY STIPULATED AND AGREED, subject to the Court's approval, as follows:

1. The Garfield Action will be consolidated into this Action in accordance with the May 7 Order and forthcoming filings in the Action shall be captioned *In re New York Community Bancorp, Inc. Securities Litigation* (the "Consolidated Action");

2. Pursuant to the PSLRA, 15 U.S.C. §78u-4(a)(3)(B) & 15 U.S.C. §77z-1(a)(3)(B), Boston remains Lead Plaintiff for the Class in the Consolidated Action and Indiana remains as an additional named plaintiff in the Amended Complaint;

3. To the extent that the Amended Complaint survives any forthcoming motion to dismiss filed by Defendants, putative Class members Robert Garfield, Leo C. Kujawa, and Kris Allen Dindoffer will move, together with Lead Plaintiff Boston and additional named plaintiff Indiana, to be appointed as Class representatives in the Consolidated Action as part of Lead Plaintiff's motion to certify the Consolidated Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

4. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v) & 15 U.S.C. § 77z-1(a)(3)(B)(v), Boston's counsel Labaton Keller Sucharow LLP remains as Lead Counsel for the Class;

5. The Paskowitz Law Firm PC and Komlossy Law P.A., counsel for Robert Garfield, and Scott+Scott Attorneys at Law LLP, The Hall Law Firm, LTD., and Girard Sharp LLP, counsel for Leo C. Kujawa and Kris Allen Dindoffer, will serve as additional counsel for the Class in the Consolidated Action;

4

6. The Garfield Motion is withdrawn and the hearing on the Garfield Motion scheduled for April 30, 2025 at 2:00 p.m. before Magistrate Judge James R. Cho is adjourned;

7. Consistent with the stipulation among the parties filed with the Court on September 9, 2024, within 30 days of the entry of this order by the Court, Defendants shall answer the Amended Complaint or file a letter motion requesting a pre-motion conference if Defendants intend to seek to move to dismiss the Amended Complaint. ~~In the event Defendants move to dismiss the Amended Complaint, the briefing schedule for such motion(s) shall be as follows:~~

> ~~(a)~~ Defendants shall file motion(s) to dismiss within 60 days of the Court's grant of permission to do so;
>
> (b) Lead Plaintiff shall file its opposition(s) to the motion(s) to dismiss within 60 days of such motion(s); and
>
> (c) Defendants shall file any replies in support of the motion(s) to the dismiss within 45 days of Lead Plaintiff filing its opposition(s).

IT IS SO STIPULATED.

DATED: April 23, 2025

> Defendants shall answer, move or otherwise respond to the Amended Complaint (Dkt. 69) by 5/28/2025. Any party wishing to file a dispositive motion should consult the Individual Practice Rules of District Judge Nina R. Morrison.
>
> In the event Defendants move to dismiss the Amended Complaint, the Court anticipates adopting the parties' proposed briefing schedule for such motion at that time.

Respectfully submitted,

/s/ Lauren A. Ormsbee
**LABATON KELLER SUCHAROW LLP**
Lauren A. Ormsbee
Lisa Strejlau
Charles J. Stiene
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
lormsbee@labaton.com
lstrejlau@labaton.com
cstiene@labaton.com

*Counsel for Lead Plaintiff Boston Retirement System, Additional Named Plaintiff Indiana Public Retirement System, and Lead Counsel for the Proposed Class*

/s/ Laurence D. Paskowitz
**THE PASKOWITZ LAW FIRM P.C.**
Laurence D. Paskowitz
The Contour
97-45 Queens Boulevard, Ste. 1202
Rego Park, NY 11374
Telephone: (212) 685-0969
lpaskowitz@pasklaw.com

/s/ Emily Komlossy
**KOMLOSSY LAW P.A.**
Emily Komlossy
3440 Hollywood Boulevard, Ste. 415
Hollywood, FL 33021
Telephone: (954) 842-2021
Facsimile: (954) 416-6223
eck@komlossylaw.com

*Counsel for Robert Garfield*

/s/ Thomas L. Laughlin, IV
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Thomas L. Laughlin, IV
Jonathan M. Zimmerman
The Helmsley Building
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
tlaughlin@scott-scott.com
jzimmerman@scott-scott.com

/s/ Adam E. Polk
**GIRARD SHARP LLP**
Adam E. Polk
Sean Greene
Patrick Johnson
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
apolk@girardsharp.com
sgreene@girardsharp.com
pjohnson@girardsharp.com

*/s/ David W. Hall*
**THE HALL FIRM, LTD.**
David W. Hall
Armen Zohrabian
Four Embarcadero Center, Suite 1400
San Francisco, CA 94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058
dhall@hallfirmltd.com
azohrabian@hallfirmltd.com

*Counsel for Leo C. Kujawa and Kris Allen Dindoffer*

## [PROPOSED] ORDER GRANTING STIPULATION, AS MODIFIED

Pursuant to stipulation and for good cause shown, IT IS SO ORDERED.

DATED: 4/28/2025

s/ James R. Cho, U.S.M.J.
The Honorable James R. Cho

8