# EXHIBIT 2

**Filed Pursuant to Rule 424(b)(3)**
**Registration No. 333-257045**





To the Stockholders of New York Community Bancorp, Inc. and the Shareholders of Flagstar Bancorp, Inc.

### MERGER AND SHARE ISSUANCE PROPOSED—YOUR VOTE IS VERY IMPORTANT

On behalf of the boards of directors of New York Community Bancorp, Inc. ("NYCB") and Flagstar Bancorp, Inc. ("Flagstar"), we are pleased to enclose the accompanying joint proxy statement/prospectus relating to the acquisition of Flagstar by NYCB. We are requesting that you take certain actions as a holder of NYCB common stock (an "NYCB stockholder" or "stockholder") or as a holder of Flagstar common stock (a "Flagstar shareholder" or "shareholder").

On April 24, 2021, NYCB, 615 Corp., a direct, wholly owned subsidiary of NYCB ("Merger Sub"), and Flagstar entered into an Agreement and Plan of Merger (as amended from time to time, the "merger agreement"), pursuant to which NYCB will, upon the terms and subject to the conditions set forth in the merger agreement, acquire Flagstar in an all-stock transaction. The acquisition will create a high performing regional bank with national scale and strong footholds in the Northeast and Upper Midwest and exposure to high growth markets, with approximately $87 billion in assets and a network of nearly 400 branches and 87 loan production offices across a 28 state footprint.

Under the merger agreement, Merger Sub will merge with and into Flagstar, with Flagstar as the surviving entity (the "merger"), and as soon as reasonably practicable following the merger, Flagstar will merge with and into NYCB, with NYCB as the surviving entity (the "holdco merger"). At a date and time following the holdco merger as determined by NYCB, Flagstar Bank, FSB, a federally chartered stock savings bank and a wholly owned subsidiary of Flagstar, will merge with and into New York Community Bank, a New York State-chartered savings bank and a wholly owned subsidiary of NYCB ("NYCB Bank"), with NYCB Bank as the surviving bank (the "bank merger," and together with the merger and the holdco merger, the "mergers").

In the merger, Flagstar shareholders will receive 4.0151 shares of NYCB common stock for each share of Flagstar common stock they own. Based on the closing price of NYCB's common stock on the New York Stock Exchange on April 23, 2021, the last trading day before the public announcement of the merger, the exchange ratio represented approximately $48.14 in value for each share of Flagstar common stock, representing merger consideration of approximately $2.6 billion on an aggregate basis.

NYCB stockholders will continue to own their existing shares of NYCB common stock. The value of the NYCB common stock at the time of completion of the merger could be greater than, less than or the same as the value of NYCB common stock on the date of the accompanying joint proxy statement/prospectus. **We urge you to obtain current market quotations of NYCB common stock (trading symbol "NYCB") and Flagstar common stock (trading symbol "FBC").**

We expect the merger and the holdco merger, taken together, will qualify as a reorganization for federal income tax purposes. Accordingly, Flagstar shareholders generally will not recognize any gain or loss for federal income tax purposes on the exchange of shares of Flagstar common stock for NYCB common stock or in the merger, except with respect to any cash received by such holders in lieu of fractional shares of NYCB common stock.

Based on the number of shares of Flagstar common stock outstanding as of June 18, 2021, NYCB expects to issue approximately 212.0 million shares of NYCB common stock to Flagstar shareholders in the aggregate in the merger. We estimate that NYCB shares of common stock to be issued to the Flagstar shareholders in the merger will represent approximately 31% of the common stock of NYCB following the completion of the merger and that the NYCB shares of common stock issued and outstanding immediately prior to the completion of the merger will represent approximately 69% of the common stock of NYCB following the completion of the merger.

NYCB and Flagstar will each hold a virtual special meeting of our respective stockholders and shareholders in connection with the merger. At our respective special meetings, in addition to other business, NYCB will ask its stockholders to approve the issuance of its common stock to holders of Flagstar common stock pursuant to the merger agreement, and Flagstar will ask its shareholders to approve the merger agreement. Information about these meetings and the mergers is contained in this document. We urge you to read this document carefully and in its entirety.

Table of Contents

The special meeting of Flagstar shareholders will be held virtually via the internet on August 4, 2021 at 9 a.m., Eastern Time. The special meeting of NYCB stockholders will be held virtually via the internet on August 4, 2021 at 10 a.m., Eastern Time.

**Each of our boards of directors unanimously recommends that holders of common stock vote "FOR" each of the proposals to be considered at the respective meetings. We strongly support this combination of our companies and join our boards in their recommendations.**

**This joint proxy statement/prospectus provides you with detailed information about the merger agreement and the merger. It also contains information about NYCB and Flagstar and certain related matters. You are encouraged to read this joint proxy statement/prospectus carefully. In particular, you should read the "Risk Factors" section beginning on page 28 for a discussion of the risks you should consider in evaluating the proposed merger and how it will affect you. You can also obtain information about NYCB from documents that have been filed with the Securities and Exchange Commission that are attached as annexes to this joint proxy statement/prospectus and about Flagstar from documents that have been filed with the Securities and Exchange Commission that are incorporated into this joint proxy statement/prospectus by reference.**

On behalf of the NYCB and Flagstar boards of directors, thank you for your prompt attention to this important matter.

Sincerely,

Thomas R. Cangemi
Chairman, President and Chief Executive Officer
New York Community Bancorp, Inc.

Alessandro P. DiNello
President, Chief Executive Officer
Flagstar Bancorp, Inc.

**Neither the Securities and Exchange Commission nor any state securities commission has approved or disapproved of the securities to be issued in connection with the merger or determined if this document is accurate or complete. Any representation to the contrary is a criminal offense.**

**The securities to be issued in the merger are not savings or deposit accounts or other obligations of any bank or non-bank subsidiary of either NYCB or Flagstar, and they are not insured by the Federal Deposit Insurance Corporation or any other governmental agency.**

The accompanying joint proxy statement/prospectus is dated June 25, 2021, and is first being mailed to NYCB stockholders and Flagstar shareholders on or about June 28, 2021.

Table of Contents

## ADDITIONAL INFORMATION

The accompanying joint proxy statement/prospectus includes (i) important business and financial information about NYCB that is included in documents filed with the U.S. Securities and Exchange Commission (the "SEC") that have been attached as annexes to this joint proxy statement/prospectus and (ii) important business and financial information about Flagstar from other documents that are not included in or delivered with this document, which information is available to you without charge upon your written or oral request. Each of NYCB and Flagstar files annual, quarterly and current reports, proxy statements and other business and financial information with the SEC. This information is available to you without charge upon your written or oral request. To the extent not attached hereto, you can obtain the documents, including the documents regarding Flagstar incorporated by reference in this document, through the SEC website at *http://www.sec.gov* or by requesting them in writing, by email or by telephone at the appropriate address below. In addition, documents filed with the SEC by NYCB are available free of charge by accessing NYCB's website at *https://www.mynycb.com* and documents filed with the SEC by Flagstar are available free of charge by accessing Flagstar's website at *http://investors.flagstar.com*. Except for the documents regarding NYCB attached as annexes to this joint proxy statement/prospectus and the documents regarding Flagstar incorporated by reference in this document, the information contained on, or that may be accessed through, the respective websites of the SEC, NYCB and Flagstar is not incorporated by reference into, and is not a part of, this joint proxy statement/prospectus.

|  |  |
|---|---|
| *if you are an NYCB stockholder:* | *if you are a Flagstar shareholder:* |
| **New York Community Bancorp, Inc.** | **Flagstar Bancorp, Inc.** |
| 615 Merrick Avenue | 5151 Corporate Drive |
| Westbury, New York 11590 | Troy, Michigan 48098 |
| Attn: Investor Relations | Attn: Investor Relations |
| (516) 682-4420 | (248) 312-5741 |
| ir@mynycb.com | FBCInvestorRelations@flagstar.com |

**You will not be charged for any of these documents that you request. To obtain timely delivery of these documents, you must request them <u>no later than five business days</u> before the date of the applicable special meeting. This means that NYCB stockholders requesting documents must do so by July 28, 2021, in order to receive them before the NYCB special meeting, and Flagstar shareholders requesting documents must do so by July 28, 2021, in order to receive them before the Flagstar special meeting.**

This joint proxy statement/prospectus attaches as annexes documents that NYCB previously filed with the SEC under Section 13(a), 13(c), 14 or 15(d) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), as set forth below. Any statement contained in such a document shall be deemed to be modified or superseded for purposes of this joint proxy statement/prospectus to the extent that a statement contained in this joint proxy statement/prospectus or in an annex hereto consisting of a document filed with the SEC subsequent to such document modifies or replaces such statement.

Set forth below is a list of the documents previously filed with the SEC by NYCB under the Exchange Act that are attached as annexes to this joint proxy statement/prospectus.

*NYCB*

- *NYCB's Annual Report on Form 10-K for the year ended December 31, 2020, filed with the SEC on February 26, 2021;*

- *NYCB's Definitive Proxy Statement on Schedule 14A filed with the SEC on April 16, 2021;*

- *NYCB's Quarterly Report on Form 10-Q for the quarter ended March 31, 2021, filed with the SEC on May 7, 2021; and*

- *NYCB's Current Reports on Form 8-K and Form 8-K/A, filed with the SEC on January 6, 2021, January 27, 2021 (only with respect to Item 8.01), March 26, 2021, March 31, 2021, April 26, 2021, April 26, 2021 (only with respect to Item 8.01), April 27, 2021 and May 27, 2021.*

No one has been authorized to provide you with information that is different from that contained in this document. This document is dated June 25, 2021, and you should assume that the information in this document is accurate only as of such date. You should assume that the filings with the SEC attached as annexes to this document are accurate as of the date of such filing and that the information incorporated by reference into this document is accurate as of the date of such

Table of Contents

incorporated document. Neither the mailing of this document to NYCB stockholders or Flagstar shareholders, nor the issuance by NYCB of shares of NYCB common stock pursuant to the merger agreement, will create any implication to the contrary.

**This document does not constitute an offer to sell, or a solicitation of an offer to buy, any securities, or the solicitation of a proxy, in any jurisdiction to or from any person to whom it is unlawful to make any such offer or solicitation in such jurisdiction. Except where the context otherwise indicates, information contained in, or incorporated by reference into, this document regarding Flagstar has been provided by Flagstar and information contained in, or attached to, this document regarding NYCB has been provided by NYCB.**

See "Where You Can Find More Information" beginning on page 159 of the accompanying joint proxy statement/prospectus for further information.

Table of Contents

Table of Contents



**New York Community Bancorp, Inc.**
**615 Merrick Avenue**
**Westbury, New York 14203**

### NOTICE OF VIRTUAL SPECIAL MEETING OF STOCKHOLDERS

To NYCB Stockholders:

On April 24, 2021, New York Community Bancorp, Inc., a Delaware corporation ("NYCB"), 615 Corp., a direct, wholly owned subsidiary of NYCB ("Merger Sub"), and Flagstar Bancorp, Inc., a Michigan corporation ("Flagstar"), entered into an Agreement and Plan of Merger (as amended from time to time, the "merger agreement"). A copy of the merger agreement is attached as **Annex A** to the accompanying joint proxy statement/prospectus.

NOTICE IS HEREBY GIVEN that a special meeting of holders of NYCB common stock ("NYCB stockholders" or "stockholders") will be held virtually via the internet on August 4, 2021 at 10 a.m., Eastern Time (the "NYCB special meeting"). We are pleased to notify you of, and invite you to, the NYCB special meeting.

At the NYCB special meeting, you will be asked to vote on the following matters:

- a proposal to approve the issuance of NYCB common stock to holders of Flagstar common stock pursuant to the merger agreement (the "NYCB share issuance proposal").

- a proposal to adjourn the NYCB special meeting, if necessary or appropriate, to solicit additional proxies if, immediately prior to such adjournment, there are not sufficient votes to approve the NYCB share issuance proposal, or to ensure that any supplement or amendment to the accompanying joint proxy statement/prospectus is timely provided to holders of NYCB common stock (the "NYCB adjournment proposal").

Due to the continuing public health impact of the COVID-19 pandemic and to support the well-being of our stockholders and employees, we are holding the NYCB special meeting in a virtual meeting format exclusively by webcast. No physical meeting will be held. As more fully described in the "Questions & Answers" and "The NYCB Special Meeting" sections of the accompanying joint proxy statement/prospectus, you are entitled to participate in the NYCB special meeting if, as of the close of business on June 18, 2021, you held shares of NYCB common stock registered in your name (a "record holder"), or if you held shares through a broker, bank or other nominee (a "beneficial owner"). Both record holders and beneficial owners will be able to attend the NYCB special meeting online, ask questions and vote during the meeting by visiting www.virtualshareholdermeeting.com/NYCB2021SM and following the instructions. Please have your 16-digit control number, which can be found on your notice, proxy card or voting instruction form, to access the meeting. See the "Questions & Answers" section of the accompanying joint proxy statement/prospectus for more information, including technical support information for the virtual NYCB special meeting.

The board of directors of NYCB has fixed the close of business on June 18, 2021 as the record date for the NYCB special meeting. Only holders of record of NYCB common stock as of the close of business on the record date for the NYCB special meeting are entitled to notice of the NYCB special meeting or any adjournment or postponement thereof. Only holders of record of NYCB common stock will be entitled to vote at the NYCB special meeting or any adjournment or postponement thereof.

Holders of NYCB common stock are not entitled to appraisal rights with respect to the proposed merger under Section 262 of the Delaware General Corporation Law.

**The NYCB board of directors unanimously recommends that holders of NYCB common stock vote "FOR" the NYCB share issuance proposal and "FOR" the NYCB adjournment proposal.**

Table of Contents

**Your vote is important.** We cannot complete the transactions contemplated by the merger agreement unless NYCB stockholders approve the NYCB share issuance proposal. The affirmative vote of a majority of the votes cast by the holders of NYCB common stock at the NYCB special meeting is required to approve the NYCB share issuance proposal.

Whether or not you plan to attend the NYCB special meeting, we urge you to please promptly complete, sign, date and return the accompanying proxy card in the enclosed postage-paid envelope or authorize the individuals named on the accompanying proxy card to vote your shares by calling the toll-free telephone number or by using the internet as described in the instructions included with the accompanying proxy card. If your shares are held in the name of a broker, bank or other nominee, please follow the instructions on the voting instruction form furnished by such broker, bank or other nominee.

By Order of the Board of Directors

Thomas R. Cangemi
Chairman, President and Chief Executive Officer
New York Community Bancorp, Inc.

June 25, 2021

**Table of Contents**



**Flagstar Bancorp, Inc.**
**5151 Corporate Drive**
**Troy, Michigan 48098**

### NOTICE OF VIRTUAL SPECIAL MEETING OF SHAREHOLDERS

To Flagstar Shareholders:

On April 24, 2021, Flagstar Bancorp, Inc., a Michigan corporation ("Flagstar"), New York Community Bancorp, Inc., a Delaware corporation ("NYCB"), and 615 Corp., a direct, wholly owned subsidiary of NYCB ("Merger Sub"), entered into an Agreement and Plan of Merger (the "merger agreement"). A copy of the merger agreement is attached as **Annex A** to the accompanying joint proxy statement/prospectus.

NOTICE IS HEREBY GIVEN that a special meeting of holders of Flagstar common stock ("Flagstar shareholders" or "shareholders") will be held virtually via the internet on August 4, 2021 at 9 a.m., Eastern Time (the "Flagstar special meeting"). We are pleased to notify you of, and invite you to, the Flagstar special meeting.

At the Flagstar special meeting, Flagstar shareholders will be asked to vote on the following matters:

- a proposal to approve the merger agreement (the "Flagstar merger proposal").

- a proposal to approve, on an advisory (non-binding) basis, the merger-related compensation payments that will or may be paid to the named executive officers of Flagstar in connection with the transactions contemplated by the merger agreement (the "Flagstar compensation proposal").

- a proposal to adjourn the Flagstar special meeting, if necessary or appropriate, to solicit additional proxies if, immediately prior to such adjournment, there are not sufficient votes to approve the Flagstar merger proposal or to ensure that any supplement or amendment to the accompanying joint proxy statement/prospectus is timely provided to Flagstar shareholders (the "Flagstar adjournment proposal").

In light of the ongoing developments related to the COVID-19 pandemic and to support the health and well-being of our shareholders, employees and community, the Flagstar special meeting will be held in a virtual-only format conducted via live webcast. As more fully described in the "Questions & Answers" and "The Flagstar Special Meeting" sections of the accompanying joint proxy statement/prospectus, you are entitled to participate in the Flagstar special meeting if, as of the close of business on June 18, 2021, you held shares of Flagstar common stock registered in your name (a "record holder"), or if you held shares through a bank, broker, trustee or other nominee, and have a valid legal proxy for the Flagstar special meeting (a "beneficial owner"). Both record holders and beneficial owners that have a valid proxy for the Flagstar special meeting will be able to attend the Flagstar special meeting online, ask questions and vote during the meeting by visiting www.virtualshareholdermeeting.com/FBC2021SM and following the instructions. Please have your 16-digit control number, which can be found on your proxy card or notice, to access the meeting. See the "Questions & Answers" section of the accompanying joint proxy statement/prospectus for more information, including technical support information for the virtual Flagstar special meeting.

The board of directors of Flagstar has fixed the close of business on June 18, 2021 as the record date for the Flagstar special meeting. Only holders of record of Flagstar common stock as of the close of business on the record date for the Flagstar special meeting are entitled to notice of the Flagstar special meeting or any adjournment or postponement thereof. Only holders of record of Flagstar common stock or beneficial owners that have a valid legal proxy for the Flagstar special meeting will be entitled to vote at the Flagstar special meeting or any adjournment or postponement thereof.

Holders of Flagstar common stock are not entitled to dissenters' rights with respect to the proposed merger under Section 762 of the Michigan Business Corporation Act ("MBCA").

**The Flagstar board of directors unanimously recommends that Flagstar shareholders vote "FOR" the Flagstar merger proposal, "FOR" the Flagstar compensation proposal and "FOR" the Flagstar adjournment proposal.**

**Your vote is important.** We cannot complete the transactions contemplated by the merger agreement unless Flagstar shareholders approve the Flagstar merger proposal. The affirmative vote of a majority of the outstanding shares of Flagstar common stock entitled to vote on the Flagstar merger proposal is required to approve the Flagstar merger proposal.

Table of Contents

Whether or not you plan to attend the Flagstar special meeting, we urge you to please promptly complete, sign, date and return the accompanying proxy card in the enclosed postage-paid envelope or authorize the individuals named on the accompanying proxy card to vote your shares by calling the toll-free telephone number or by using the internet as described in the instructions included with the accompanying proxy card. If your shares are held in the name of a bank, broker, trustee or other nominee, please follow the instructions on the voting instruction card furnished by such bank, broker, trustee or other nominee.

By Order of the Board of Directors

Alessandro P. DiNello
President, Chief Executive Officer
Flagstar Bancorp, Inc.

June 25, 2021

**TABLE OF CONTENTS**

|  | **Page** |
|---|---|
| QUESTIONS AND ANSWERS | 1 |
| SUMMARY | 14 |
| Information About the Companies | 14 |
| The Merger and the Merger Agreement | 15 |
| Merger Consideration | 15 |
| Treatment of Flagstar Equity Awards | 15 |
| ESPP Matters | 16 |
| U.S. Federal Income Tax Consequences of the Merger | 16 |
| NYCB's Reasons for the Merger; Recommendation of NYCB's Board of Directors | 17 |
| Opinions of NYCB's Financial Advisors | 17 |
| Interests of Certain NYCB Directors and Executive Officers in the Merger | 18 |
| Flagstar's Reasons for the Merger; Recommendation of Flagstar's Board of Directors | 18 |
| Opinions of Flagstar's Financial Advisors | 18 |
| Interests of Certain Flagstar Directors and Executive Officers in the Merger | 19 |
| Governance of NYCB After the Merger | 21 |
| Regulatory Approvals | 21 |
| Expected Timing of the Merger | 22 |
| Conditions to Complete the Merger | 22 |
| Termination of the Merger Agreement | 22 |
| Termination Fee | 23 |
| Accounting Treatment | 23 |
| The Rights of Flagstar Shareholders Will Change as a Result of the Merger | 23 |
| Delisting and Deregistration of Flagstar Common Stock | 24 |
| The NYCB Special Meeting | 24 |
| The Flagstar Special Meeting | 24 |
| Appraisal or Dissenters' Rights in the Merger | 25 |
| Litigation Relating to the Merger | 25 |
| Risk Factors | 25 |
| CAUTIONARY STATEMENT REGARDING FORWARD-LOOKING STATEMENTS | 26 |
| RISK FACTORS | 28 |
| Risks Relating to the Consummation of the Merger and NYCB Following the Merger | 28 |
| Risks Relating to NYCB's Business | 34 |
| Risks Relating to Flagstar's Business | 34 |
| THE NYCB SPECIAL MEETING | 35 |
| Date, Time and Place of the Meeting | 35 |
| Matters to Be Considered | 35 |
| Recommendation of NYCB's Board of Directors | 35 |
| Record Date and Quorum | 35 |
| Broker Non-Votes | 35 |
| Vote Required; Treatment of Abstentions and Failure to Vote | 36 |
| Attending the Virtual Special Meeting | 36 |
| Proxies | 37 |
| Shares Held in Street Name | 37 |
| Revocability of Proxies | 37 |
| Delivery of Proxy Materials | 38 |
| Solicitation of Proxies | 38 |
| Other Matters to Come Before the NYCB Special Meeting | 38 |
| Assistance | 38 |
| NYCB PROPOSALS | 39 |
| Proposal 1: NYCB Share Issuance Proposal | 39 |
| Proposal 2: NYCB Adjournment Proposal | 39 |
| THE FLAGSTAR SPECIAL MEETING | 40 |
| Date, Time and Place of the Meeting | 40 |
| Matters to Be Considered | 40 |
| Recommendation of Flagstar's Board of Directors | 40 |

i

| | Page |
|---|---|
| Record Date and Quorum | 40 |
| Broker Non-Votes | 40 |
| Vote Required; Treatment of Abstentions and Failure to Vote | 41 |
| Attending the Virtual Special Meeting | 41 |
| Proxies | 42 |
| Shares Held in Street Name | 42 |
| Revocability of Proxies | 43 |
| Delivery of Proxy Materials | 43 |
| Solicitation of Proxies | 43 |
| Other Matters to Come Before the Flagstar Special Meeting | 44 |
| Assistance | 44 |
| FLAGSTAR PROPOSALS | 45 |
| Proposal 1: Flagstar Merger Proposal | 45 |
| Proposal 2: Flagstar Compensation Proposal | 45 |
| Proposal 3: Flagstar Adjournment Proposal | 45 |
| INFORMATION ABOUT THE COMPANIES | 47 |
| New York Community Bancorp, Inc. | 47 |
| Flagstar Bancorp, Inc. | 47 |
| Merger Sub | 47 |
| THE MERGER | 48 |
| Terms of the Merger | 48 |
| Background of the Merger | 48 |
| NYCB's Reasons for the Merger; Recommendation of NYCB's Board of Directors | 53 |
| Opinions of NYCB's Financial Advisors | 55 |
| Flagstar's Reasons for the Merger; Recommendation of Flagstar's Board of Directors | 75 |
| Opinions of Flagstar's Financial Advisors | 77 |
| Certain Unaudited Prospective Financial Information | 94 |
| Interests of Certain NYCB Directors and Executive Officers in the Merger | 98 |
| Interests of Certain Flagstar Directors and Executive Officers in the Merger | 101 |
| Governance of NYCB After the Merger | 108 |
| Accounting Treatment | 108 |
| Regulatory Approvals | 109 |
| Stock Exchange Listings | 111 |
| Appraisal or Dissenters' Rights in the Merger | 111 |
| Litigation Relating to the Merger | 111 |
| THE MERGER AGREEMENT | 113 |
| Explanatory Note Regarding the Merger Agreement | 113 |
| Structure of the Merger | 113 |
| Merger Consideration | 114 |
| Fractional Shares | 114 |
| Governing Documents | 114 |
| Treatment of Flagstar Equity Awards | 114 |
| Closing and Effective Time of the Merger | 115 |
| Exchange of Shares | 115 |
| Representations and Warranties | 116 |
| Covenants and Agreements | 118 |
| NYCB Governance | 124 |
| Meetings; Recommendation of NYCB's and Flagstar's Boards of Directors | 124 |
| Agreement Not to Solicit Other Offers | 126 |
| Conditions to Complete the Merger | 127 |
| Termination of the Merger Agreement | 127 |
| Effect of Termination | 128 |
| Termination Fee | 128 |
| Expenses and Fees | 129 |
| Amendment, Waiver and Extension of the Merger Agreement | 129 |
| Governing Law | 129 |
| Specific Performance | 130 |

Table of Contents

| | Page |
|---|---|
| U.S. FEDERAL INCOME TAX CONSEQUENCES OF THE MERGER | 131 |
| Tax Consequences of the Merger Generally | 132 |
| Cash Instead of a Fractional Share | 132 |
| Backup Withholding | 133 |
| UNAUDITED PRO FORMA CONDENSED COMBINED FINANCIAL INFORMATION | 134 |
| DESCRIPTION OF NYCB CAPITAL STOCK | 143 |
| Authorized Capital Stock | 143 |
| Common Stock | 143 |
| Restrictions on Ownership | 145 |
| COMPARISON OF THE RIGHTS OF NYCB STOCKHOLDERS AND FLAGSTAR SHAREHOLDERS | 146 |
| LEGAL MATTERS | 156 |
| EXPERTS | 156 |
| DEADLINES FOR SUBMITTING STOCKHOLDER OR SHAREHOLDER PROPOSALS | 157 |
| NYCB | 157 |
| Flagstar | 157 |
| WHERE YOU CAN FIND MORE INFORMATION | 159 |
| Annex A—Agreement and Plan of Merger, dated as of April 24, 2021, by and among New York Community Bancorp, Inc., 615 Corp. and Flagstar Bancorp, Inc. | A-1 |
| Annex B—Opinion of Piper Sandler & Co. | B-1 |
| Annex C—Opinion of Goldman Sachs & Co. LLC | C-1 |
| Annex D—Opinion of Morgan Stanley & Co. LLC | D-1 |
| Annex E—Opinion of Jefferies LLC | E-1 |
| Annex F—NYCB's Annual Report on Form 10-K for the year ended December 31, 2020, filed with the SEC on February 26, 2021 | F-1 |
| Annex G—NYCB's Definitive Proxy Statement on Schedule 14A filed with the SEC on April 16, 2021 | G-1 |
| Annex H—NYCB's Quarterly Report on Form 10-Q for the quarter ended March 31, 2021, filed with the SEC on May 7, 2021 | H-1 |
| Annex I—NYCB's Current Reports on Form 8-K and Form 8-K/A, filed with the SEC on January 6, 2021, January 27, 2021, March 26, 2021, March 31, 2021, April 26, 2021, April 26, 2021, April 27, 2021 and May 27, 2021 | I-1 |

**Table of Contents**

## THE MERGER

*This section of the joint proxy statement/prospectus describes material aspects of the merger. This summary may not contain all of the information that is important to you. You should carefully read this entire joint proxy statement/prospectus, including the documents attached as annexes to this joint proxy statement/prospectus, and other documents we refer you to, for a more complete understanding of the merger. In addition, important business and financial information about NYCB from documents filed with the SEC has been included in the annexes that are attached to this joint proxy statement/prospectus and about Flagstar from documents filed with the SEC has been incorporated by reference into this joint proxy statement/prospectus. You may obtain the information incorporated by reference into this joint proxy statement/prospectus without charge by following the instructions in the section entitled "Where You Can Find More Information" beginning on page 159.*

### Terms of the Merger

Each of NYCB's and Flagstar's respective board of directors has unanimously approved the merger agreement. The merger agreement provides that, pursuant to the terms and subject to the conditions set forth in the merger agreement, Merger Sub will merge with and into Flagstar, with Flagstar as the surviving entity, which is referred to as the merger, and as soon as reasonably practicable following the merger, Flagstar will merge with and into NYCB, with NYCB as the surviving entity, which is referred to as the holdco merger. At a date and time following the holdco merger as determined by NYCB, Flagstar Bank will merge with and into NYCB Bank, with NYCB Bank as the surviving bank, which is referred to as the bank merger.

In the merger, each share of Flagstar common stock issued and outstanding immediately prior to the effective time, except for certain shares owned by NYCB or Flagstar (subject to certain exceptions described in the merger agreement), will be converted into the right to receive 4.0151 shares of NYCB common stock. NYCB will not issue any fractional shares of NYCB common stock in the merger. Instead, a former holder of Flagstar common stock who otherwise would have received a fraction of a share of NYCB common stock will receive for the fraction of a share an amount in cash (rounded to the nearest cent) based on the NYCB closing share value.

NYCB stockholders are being asked to approve the NYCB share issuance proposal and Flagstar shareholders are being asked to approve the Flagstar merger proposal. See the section entitled "The Merger Agreement" beginning on page 113 for additional and more detailed information regarding the legal documents that govern the merger, including information about the conditions to the completion of the merger and the provisions for terminating or amending the merger agreement.

### Background of the Merger

As part of the ongoing consideration and evaluation of their respective long-term prospects and strategies, each of NYCB's and Flagstar's boards of directors and senior managements have regularly reviewed and assessed their respective business strategies and objectives, including assessments of potentially available strategic growth opportunities, business combinations involving other financial institutions or remaining independent, among other efforts to enhance value for their respective stockholders and shareholders. These reviews have focused on, among other things, prospects and developments in the financial services industry, the regulatory environment and the economy generally, and the implications of such developments for financial institutions generally and NYCB and Flagstar in particular. These reviews have also included assessments of ongoing consolidation in the financial services industry and the benefits and considerations to NYCB and Flagstar, respectively, and their respective stockholders and shareholders of strategic combinations.

Between late April and early June of 2019, Flagstar and NYCB had preliminary conversations regarding a potential strategic transaction, but those conversations did not develop into any more formal discussions or negotiations (the "2019 Preliminary Discussions").

Beginning in January 2021, Mr. Thomas Cangemi, Chairman, President and Chief Executive Officer of NYCB, placed several calls to Mr. Alessandro P. DiNello, President and Chief Executive Officer of Flagstar, during which Mr. Cangemi and Mr. DiNello had preliminary conversations regarding a potential strategic transaction involving NYCB and Flagstar. During the first week of March 2021, Mr. Cangemi called Mr. DiNello to discuss dates for a follow-up in-person meeting to continue the discussion of a potential strategic transaction involving NYCB and Flagstar, and Mr. Cangemi and Mr. DiNello agreed to meet in person on March 8, 2021. Prior to the meeting, on March 7, 2021, NYCB and Flagstar executed a confidentiality agreement.

48