

May 28, 2025

**Joseph Dever**
Direct Phone   212-453-3916
jdever@cozen.com

**VIA ECF**

Honorable Nina R. Morrison, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**   *In re New York Community Bancorp, Inc. Securities Litigation*,
       **No. 24-cv-903-NRM-JRC (E.D.N.Y.)**

Dear Judge Morrison:

We represent Defendants John J. Pinto and John T. Adams, both former officers of Defendant New York Community Bancorp, Inc. (n/k/a Flagstar Financial, Inc.) ("**NYCB**"). We write pursuant to Section 5.1 of the Court's Individual Practice Rules to request a pre-motion conference regarding Messrs. Pinto and Adams's intended motion to dismiss Plaintiffs' Amended Consolidated Class Action Complaint (ECF 69) ("**Complaint**" or "**Compl.**") To avoid duplication, Messrs. Pinto and Adams join in the pre-motion letters of Defendants NYCB (ECF 106) and Thomas R. Cangemi and Hanif Dahya (ECF 107), and adopt and incorporate the arguments in their letters. Below, Messrs. Pinto and Adams identify additional grounds to dismiss the Complaint as against each of them. Messrs. Pinto and Adams intend to consolidate briefing on the full motion to dismiss with the other defendants to the extent practicable, and reserve the right to make additional arguments.

**Background**

As described more fully in NYCB's pre-motion letter, NYCB is a bank holding company that acquired Flagstar Bancorp, Inc. and substantial assets of Signature Bridge Bank. Plaintiffs allege that NYCB and the individual defendants violated the federal securities laws by making false and misleading statements about these transactions and the bank's ordinary course of business operations in order to reassure the market during this period. Plaintiffs allege that defendants' fraud was revealed when NYCB disclosed certain weaknesses beginning on January 31, 2024, and they were harmed when NYCB's stock price dropped.

Mr. Pinto is NYCB's former Chief Financial Officer and Senior Executive Vice President. Plaintiffs allege that Mr. Pinto signed NYCB's misstated public SEC filings, including quarterly and annual reports and offering documents relating to the transactions. Plaintiffs also allege that he made other false and misleading statements, including on earnings calls. Compl. ¶ 26.

Mr. Adams is NYCB's former Senior Executive Vice President and President of Commercial Real Estate Finance. Plaintiffs allege that Mr. Adams made false and misleading statements during a single earnings call on October 26, 2023. Plaintiffs do not allege that Mr. Adams signed any NYCB

Honorable Nina R. Morrison, U.S.D.J.
May 28, 2025
Page 2

---

public filings or that he had any role with respect to NYCB's public filings, financial statements or internal controls, or the transactions. *Id.*, ¶ 28.

Plaintiffs allege that Messrs. Pinto and Adams violated Section 10(b) of the Securities Exchange Act of 1934 (the "**Exchange Act**") and Rule 10b-5 (along with all other defendants), Section 20 of the Exchange Act as control persons responsible for NYCB's misstatements (in addition to other NYCB officer defendants), and that Mr. Pinto and other defendants (but not Mr. Adams) violated Sections 11 and 15 of the Securities Act of 1933 (the "**Securities Act**").

## Plaintiffs Fail to State a Claim Against Messrs. Pinto and Adams Under the Exchange Act

For the reasons discussed by NYCB (ECF 106) and Mr. Cangemi (another officer defendant, NYCB's former Chief Executive Officer and Chairman) (ECF 107), Plaintiffs fail to plead falsity or scienter with respect to Messrs. Pinto and Adams.

**Plaintiffs Fail to Plead Falsity:** The alleged misstatements consist of inactionable opinions, inactionable statements about corporate policies or culture, statements of general corporate optimism or puffery, or statements for which allegations of falsity are implausible. *See* ECF 106, at 2-3; ECF 107, at 2.

Plaintiffs' allegations about Mr. Adams, who spoke to the public during a single earnings call, are particularly lacking. Plaintiffs allege that Mr. Adams's statements about NYCB's monitoring, tracking, and reserving for its loan portfolios were false because these practices were allegedly ineffective. Compl., ¶¶ 335-36. But statements about general corporate practices are not false just because the practices were allegedly ineffective. *Ong v. Chipotle Mexican Grill, Inc.*, 294 F. Supp. 3d 199, 232 (S.D.N.Y. 2018). Plaintiffs also allege that Mr. Adams made a false statement about the quality of NYCB's multi-family rent regulated portfolio. Compl., ¶ 335. But Plaintiffs take this opinion statement out-of-context, and do not plead any facts supporting the conclusory allegation that Mr. Adams's opinion was literally false. *Ong*, 294 F. Supp. 3d at 232. Nor do they plead that Mr. Adams did not believe his opinion or that he "omit[ted] material facts about [his] inquiry into or knowledge concerning [the opinion]." *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 189 (2015).

**Plaintiffs Do Not Plead Scienter:** Plaintiffs do not plead scienter with requisite particularity, either by pleading conscious misbehavior or recklessness or motive and opportunity. As discussed by NYCB, Plaintiffs' scienter allegations against all defendants largely turn on impermissible fraud by hindsight, which is insufficient as a matter of law. ECF 106, at 3. Likewise, Plaintiffs' allegations that the defendants were hands-on managers with knowledge of and/or access to data and facts that undermined their public statements are not sufficiently specific. Plaintiffs do not plead any information contained in any of the confidential witness "reports" that actually contradicts the defendants' statements. *Id.* With respect to Mr. Pinto, in particular, Plaintiffs do not allege that he communicated with any of the confidential witnesses or that he was privy to their reports, let alone identify specific information in these reports and how it contradicted Mr. Pinto's statements. *See Maloney v. Ollie's Bargain Outlet Holdings, Inc.*, 518 F. Supp. 3d 772, 780-81 (S.D.N.Y. 2021).

Honorable Nina R. Morrison, U.S.D.J.
May 28, 2025
Page 3

_____

Nor do Plaintiffs plead motive and opportunity scienter, as their general allegations that defendants sought to keep NYCB's stock price high and complete the transactions are insufficient as a matter of law.

**Plaintiffs Do Not Plead Control Person Liability Under Section 20:** Plaintiffs fail to state a claim for control person liability because they do not plead a primary violation. *ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP* Morgan Chase Co., 553 F.3d 187, 199 (2d Cir. 2009). And even if Plaintiffs did plead a primary violation—and they do not—they still fail to plead that Messrs. Pinto and Adams were "in some meaningful sense, a culpable participant in the controlled person's fraud." *Levy v. Maggiore*, 48 F. Supp. 3d 428, 461 (E.D.N.Y. 2014). For the same reasons they do not plead scienter, Plaintiffs do not plead culpable participation by Messrs. Pinto and Adams in an alleged primary violation.

With respect to Mr. Adams, Plaintiffs also do not plausibly plead that he is a control person. Nowhere in the Complaint's 525 paragraphs do they plead that Mr. Adams had any role or responsibility with respect to NYCB's public filings, financial statements or internal controls, or the transactions. *E.g.*, Compl., ¶ 28. *See In re Glob. Crossing, Ltd. Sec. Litig.*, No. 02-cv-910 (GEL), 2005 WL 1907005, at *13 (S.D.N.Y. Aug. 8, 2005) ("Because plaintiffs have failed to allege specifically how each director possessed the power to direct or cause the direction of the management of the primary violator, let alone how [they] direct [the primary violator], plaintiffs fail to state control-person liability claims.") (internal quotation and citation omitted).

**<u>Plaintiffs Fail to State a Claim Against Mr. Pinto Under the Securities Act</u>**

For the reasons discussed by NYCB (ECF 106, at 4), Plaintiffs also fail to state Section 11 and Section 15 claims against Mr. Pinto. Plaintiffs do not allege any misstatements or omissions in the transaction offering documents with particularity. (Plaintiffs do not make Securities Act claims against Mr. Adams.)

Respectfully yours,

COZEN O'CONNOR

By:    Joseph Dever

cc:    All Counsel (*Via ECF*)