# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel:  212 728 8000
Fax: 212 728 8111

May 28, 2025

**VIA ECF**

Honorable Nina R. Morrison
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 6EN
Brooklyn, New York 11201

RE:    *In re New York Community Bancorp, Inc. Securities Litigation*, No. 1:24-cv-00903-NRM-JRC

Dear Judge Morrison:

On behalf of Defendants Alessandro DiNello, Leslie Dunn, Marshall Lux, Ronald Rosenfeld, and David Treadwell (collectively, the "Director Defendants"), we write pursuant to Rule 5.1.2 of the Court's Individual Practice Rules to request a pre-motion conference on the Director Defendants' anticipated motion to dismiss Plaintiffs' Amended Consolidated Complaint (ECF No. 69, the "Amended Complaint" or "AC").  The Director Defendants join in Flagstar Financial, Inc. f/k/a New York Community Bancorp, Inc.'s ("NYCB") arguments in support of their anticipated motion to dismiss the Amended Complaint (*see* ECF No. 106, hereinafter the "NYCB Letter") and set forth herein additional grounds on which they will seek dismissal.  The Director Defendants reserve the right to make additional arguments in their full motion to dismiss.

## I.    Background and Allegations[1]

NYCB is the bank holding company for Flagstar Bank, N.A. ("Flagstar").  (AC ¶ 23.)  In the Amended Complaint, Plaintiffs assert claims under both the Securities Exchange Act of 1934 ("Exchange Act") and the Securities Act of 1933 ("Securities Act").  (AC ¶ 520.)  With respect to the Director Defendants, Plaintiffs allege that Mr. DiNello disseminated or approved certain materially false or misleading statements (the "Challenged Statements") in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.  (*See, e.g.,* AC ¶¶ 224–346.)  Plaintiffs further allege that all of the Director Defendants approved and signed the offering materials for Flagstar's merger, which allegedly contained many of the same Challenged Statements.  (*See, e.g., id.* ¶¶ 423, 425, 428–429, 432.)

DiNello and Lux are current members of NYCB's Board of Directors (the "NYCB Board") who were appointed in December and February of 2022, respectively (*see id.* ¶¶ 27, 429.)  Dunn, Rosenfeld, and Treadwell are former members of the NYCB Board who served for the entire purported class period. (*See id.* ¶¶ 425, 428, 432.)

---

[1]  The Director Defendants assume the truth of Plaintiffs' factual allegations only for purposes of this letter.

Hon. Nina R. Morrison
May 28, 2025
Page 2 of 3

## II.     Motion to Dismiss

### A.     The Amended Complaint Fails To State A Claim For Violation of Section 10(b) and Rule 10b–5 Against Defendant DiNello

While the Amended Complaint references at least nineteen earnings calls, investor presentations, and SEC filings during which Challenged Statements were allegedly made, only four are alleged to have been spoken or signed by Mr. DiNello:  (1) July 27, 2022 Q2 Earnings Call, (2) October 12, 2022 Prospectus, (3) October 26, 2022 Q3 Earnings Call, and (4) March 1, 2023 10-K.  Those Challenged Statements were not false or misleading (or, in the instance of the earnings call statements, actionable) for the reasons set forth in NYCB's Letter.  (*See* NYCB Ltr. at 2-3.)  And none of the other Challenged Statements identified in the Amended Complaint can sustain a Section 10(b) claim against Mr. DiNello because he neither "made" under *Janus* those Statements and, in many instances, was not affiliated with NYCB on the issuance date.  *See, e.g., Levy v. Maggiore*, 48 F. Supp. 3d 428, 440 (E.D.N.Y. 2014) ("Without control, a person or entity can merely suggest what to say, not 'make' a statement in its own right") (quoting *Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011); *In re Stillwater Cap. Partners Inc. Litig.*, 858 F. Supp. 2d 277, 288 (S.D.N.Y. 2012) (no Section 10(b) and 20(a) claim against officer for company statements made before he became an officer).

In addition to the reasons set forth in NYCB's Letter, the Amended Complaint also fails to adequately allege scienter as to Mr. DiNello.  To survive dismissal, Plaintiffs must allege with particularity facts giving rise to a "strong inference of fraudulent intent," *Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 52 (2d Cir. 1995), meaning that *he* acted with the intent "to deceive, manipulate, or defraud." *See* 15 U.S.C. §§ 78u-4(b)(2), b(3)(A); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007).  No such allegations exist.  The Amended Complaint does not go beyond noting his service as a director, and thus comes nowhere close to alleging any specific conduct or motive that could be indicative of fraudulent intent.  *See, e.g., In re Piedmont Lithium Inc. Sec. Litig.*, 712 F. Supp. 3d 301, 319 (E.D.N.Y. 2024) ("It is well settled in this Circuit that allegations based on a defendant's corporate position alone should not be given weight [in the scienter analysis]").

### B.     The Amended Complaint Fails To State A Claim For Violation Of Section 20(a) Against Mr. DiNello

To state a Section 20(a) claim, Plaintiffs must allege "(1) a primary violation by the controlled person, (2) control of the primary violator by the defendant, and (3) that the defendant was, in some meaningful sense, a culpable participant in the controlled person's fraud." *Levy*, 48 F. Supp. 3d at 461. For the reasons stated in NYCB's Letter, none are adequately alleged as to Mr. DiNello.

In addition, the Amended Complaint lacks any factual allegations regarding Mr. DiNello's control over the Challenged Statements he did not "make."  The Amended Complaint simply points to his service as a director and his signature on certain SEC filings, and that is routinely held to be inadequate to allege control.  *See Sloane Overseas Fund, Ltd. v. Sapiens Int'l Corp., N.V.*, 941 F. Supp.

Hon. Nina R. Morrison
May 28, 2025
Page 3 of 3

1369, 1378 (S.D.N.Y. 1996) ("A person's status as an officer, director, or shareholder, absent more, is not enough to trigger liability under § 20.") (citations omitted).

**C.     The Amended Complaint Fails To State A Claim For Violation Of Section 15 Against The Director Defendants**

To state a Section 15 claim, Plaintiffs must allege "a primary violation of the Securities Act by the controlled person and control of the primary violator [by defendants]." *Emerson v. Mut. Fund Series Tr.*, 393 F. Supp. 3d 220, 260 (E.D.N.Y. 2019). For the reasons set forth in NYCB's Letter, Plaintiffs have failed to adequately allege both required elements.

In addition, the Section 15 claim is not pled with specific facts showing each Director Defendant's potential and actual control over any of the Challenged Statements in the offering materials. In fact, the Amended Complaint pleads *no facts whatsoever* regarding the role of Defendants Treadwell, Dunn, Lux, or Rosenfeld in the making of those Statements. Rather, the Amended Complaint rests solely on the fact that the Director Defendants signed the offering materials in their capacity as directors, and that is simply not enough. *See, e.g., Behrendsen v. Yangtze River Port & Logistics Ltd.*, 2021 WL 2646353, at *16 (E.D.N.Y. June 28, 2021) ("[i]t is not sufficient for a plaintiff to allege that an individual defendant had control person *status*; instead, the plaintiff must assert that the defendant exercised *actual* control over the matters at issue" (internal quotations and citations omitted).

*                    *                    *

We thank the Court for its time and attention to this matter.

Respectfully Submitted,

*/s/ Todd G. Cosenza*
Todd G. Cosenza